159 So. 699

## GIBSON v. STATE.

### 7 Div. 138.

Court of Appeals of Alabama.
Feb. 26, 1935.

Harvey A. Emerson, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

It is definitely settled in this state that, when the jury trying one charged with a felony, as here, are allowed to separate during the trial, the burden is cast upon the state, in a proper proceeding, of showing that "no abuse [meaning harm to the defendant] resulted from the separation." Thompson v. State, 23 Ala. App. 565, 129 So. 297, 298; Arnett v. State, 225 Ala. 8, 141 So. 699.

Here, it being shown without dispute that the jury were allowed to separate and go their several ways, overnight, while they were engaged in their deliberation over the case, the burden mentioned above fell squarely upon the state—upon the hearing of appellant's timely motion to set aside the verdict.

■ This burden was in no sense discharged. To the contrary, the preponderance of the testimony offered on the hearing of said motion tends to the conclusion that appellant did suffer injury.

At any rate, because of the failure of the state to discharge the burden laid upon it, we must and do hold that it was reversible error to refuse to grant appellant's said motion.

Other questions are apparent, but, because of the fact that the testimony concerning them will in all probability be supplemented upon another trial, they will not now be treated. There is nothing new or novel about them; and the decisions by the Supreme Court (Code 1923, § 7318) collected and cited in the excellent brief filed here on behalf of appellant will furnish a sufficient guide for their disposition when they again come before the nisi prius judge.

The judgment is reversed, and the cause remanded.

Reversed and remanded.