(93 South. 225)

### COBB v. STATE. (8 Div. 919.)

(Court of Appeals of Alabama.　June 6, 1922.)

1. **Criminal law ⬤⇒413(2)—Exclusion of self-serving statements of accused not error.**

In a manslaughter prosecution, where defendant's witness testified that he saw defendant immediately after the shooting, sustaining objection to the question, "Did defendant ask you to go up and see whether defendant had hurt deceased?" was not error; it being a self-serving declaration of defendant.

2. **Criminal law ⬤⇒448(8)—Objection to question calling for conclusion properly sustained.**

In a manslaughter prosecution, where defendant's witness stated that he could see where several tracks had been made at the place where the killing took place, sustaining objection to the question, "Like a man had been trying to pull somebody off of a horse?" was proper; the question calling for a conclusion.

3. **Criminal law ⬤⇒448(5)—Sustaining objection to question calling for conclusion not reversible error.**

In a homicide prosecution, where a witness testified that he saw a buggy at the time and place of the shooting, and that no one was in it, sustaining objection to the question, "If there had been anybody in the buggy, could you have seen them?" was not reversible error, as witness' answer would have been a conclusion.

4. **Criminal law ⬤⇒448(6)—Permitting defendant to testify that deceased was a powerful man was conclusion.**

Where, in a prosecution for manslaughter, defendant testified as to the height and weight of the deceased, to have permitted him to testify that deceased was a powerful man was to submit defendant's conclusion.

5. **Criminal law ⬤⇒927(1)—Inadvertent leaving of one juror in a toilet while others were out of courtroom not sufficient ground for new trial.**

In a manslaughter prosecution, the fact that a member of the jury, who was inadvertently left in a toilet for a few moments while the other members were out of the courtroom, it appearing that the case was not discussed with any one during this temporary separation, was not sufficient ground for a new trial.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Herman Cobb was convicted of manslaughter in the first degree, and he appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted of manslaughter in the first degree, and he appeals.

[1, 2] The defendant's witness Charlie Buford testified that he saw the defendant immediately after the shooting, and he was then asked, "Did the defendant ask you to go up there and see whether or not he [defendant] had hurt him [deceased] bad?" There was no error in overruling the state's objection to this question, which was a self-serving declaration on the part of the defendant. This witness further testified that he could see where several tracks had been made at the place where the killing took place. He was then asked, "Like a man had been trying to pull somebody off of a horse?" The state's objection to this question was properly sustained, for it called for a conclusion of the witness.

[3] The witness Herbert Cobb testified that he saw a buggy at the time and place of the shooting, and that no one was in it. Thereupon he was asked, "If there had been anybody in the buggy, could you have seen them?" The witness had stated the facts as to what he saw, and his situation with reference to what he saw, and his answer would have been a conclusion from such facts, and this was a conclusion to be drawn by the jury from the facts, and not for the defendant. There was no reversible error in sustaining the state's objection to this question.

[4] The defendant, in testifying in his own behalf, stated the height and weight of the deceased. To have permitted him to testify that deceased was a powerful man was to

submit to the jury the defendant's conclusion. As to whether the defendant hurt one of the deceased's boys in a fight with him the night before the killing was entering into the detail of another and separate difficulty, was a conclusion of the witness, and wholly irrelevant and immaterial to any issue involved here.

The general oral charge of the court correctly stated the law applicable to the charge under which the defendant was being tried, and there is merit in the parts excepted to. The motion for a new trial was properly overruled.

[5] The fact that a member of the jury, who was inadvertently left in a toilet for a few moments while the other members were out of the courtroom, it appearing that the case was not discussed with any one during this temporary separation, is not sufficient ground for granting a new trial. Pearson v. State, 5 Ala. App. 68, 59 South. 526; 1 Mayfield Digest, p. 547.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.