(129 So. 297)

## THOMPSON v. STATE.

6 Div. 785.

Court of Appeals of Alabama.

June 24, 1930.

F. E. St. John, of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of unlawfully being in possession, etc., of a still, etc., to be used for the purpose of manufacturing prohibited liquor. The issues were simple, and the law governing same was amply, and, so far as we can see, correctly, given to the jury by the court in its oral charge, in connection with the written charges given at appellant's request. There was no prejudicial error in refusing to give to the jury the written requested charges discussed in appellant's brief filed here.

If the said refused charge (referring to any of them) was not misleading, the substance of same had already been given to the jury.

At the conclusion of the court's charge to the jury, in open court and while the jury was in the box, the court announced that it was adjourning time; and, the defendant and his counsel being then and there present, the court asked them if they had any objection to the jury separating for the night and returning at 8:30 o'clock the next morning to enter upon a consideration of the case; that the court was inclined to allow the jury to separate unless there was an objection and reason shown why they should not separate. To this statement of the court no reply was made, nor was any objection entered by either the defendant or his counsel. Whereupon the jury was instructed by the court that the evidence and the argument and charge of the court had been concluded, and that it would be highly improper for them to discuss the case among themselves or with any one else, or to allow others to discuss it in their presence, and, if they heard it being discussed, for them to immediately move away or retire from the place; and they were then instructed that they could separate and return to court at 8:30 the next morning and take the papers and retire to the jury room and take up a consideration of the case.

That at 8:30 the next morning the jury, in open court, was present in the jury box, and by the direction of the court they received the papers from the clerk and retired to the jury room for a consideration of the case.

Appellant duly filed a motion to set aside the verdict of the jury, and the judgment of conviction rendered thereon, and one of the grounds of said motion was as follows: "5. Because after the jury had been sworn, empannelled and charged by the court the jury were allowed by the court to separate without the consent of the defendant."

Each juror in the case of the State against John Thompson was called to the stand on a hearing of this motion, and each testified that, after they were instructed to separate for the night in this case, they each retired to their homes and spent the night there; that they did not, between the time they separated until they reconvened in the jury box the next morning, speak of the case to one another or to any one else, nor did any one else speak to them about it, nor did they hear any one speak of the case or about the case; and that they did not see, nor were they with, any of the witnesses in the case, or any of the parties connected with the case between the time they separated and the time they reconvened the next morning.

The motion for a new trial was overruled, and the error, vel non, in this action of the court is properly presented to us for decision.

We may assume, and do, that, the jury having been allowed to separate, as indicated above, during the conduct of the trial, cast upon the state the burden of showing, on the hearing of appellant's motion for a new trial, that "no abuse resulted from the separation." But in this case the burden was well met, and error cannot be affirmed of the court's action in overruling the said motion. Davis v. State, 209 Ala. 409, 96 So. 187; Butler v. State, 72 Ala. 179.

We find nowhere any prejudicial error, and the judgment of conviction is affirmed.

Affirmed.