158 So. 196

**MELTON v. STATE.**

2 Div. 550.

Court of Appeals of Alabama.

Dec. 18, 1934.

266

Thos. E. Knight, Jr., Atty. Gen., for the State.

Pitts & Pitts and Wm. B. Craig, all of Selma, for appellant.

SAMFORD, Judge.

Defendant was tried on an indictment charging robbery and on his trial was found guilty of an assault to rob.

Insistence is here made that defendant should have been granted a new trial for the reason that the jury was allowed to separate after the charge of the court had been given and before a verdict was rendered. The undisputed facts on this question disclose that at 6 o'clock p. m. the trial judge adjourned the court for supper, with the trial of defendant still pending; that the deputy sheriff started with the jury to give them supper,

and when they had gone about one city block from the courthouse, he discovered that one of the jurors was not present. The deputy immediately returned the eleven jurors to the courthouse and there met N. S. Stanfil, chief of police of the city of Selma, whom he told of his dilemma. Stanfil volunteered to find the missing juror, whose name was Rivers F. Ross. Stanfil called the home of Ross over the phone, got Ross on the phone, and instructed him to report back to the courthouse at once, which he did and joined the other jurymen. Ross lived about ten city blocks from the courthouse and on adjournment of court, and without the consent of the court or of the defendant, went to his home for supper; he saw no one except his family, and talked to no one about the case. From the above undisputed facts the trial judge overruled defendant's motion.

■ Where the record shows affirmatively that the defendant was not injured by reason of the separation of the jury, this court will not reverse the trial judge for failure to grant a new trial. Payne v. State, 226 Ala. 69, 145 So. 650; Cobb v. State, 18 Ala. App. 556, 93 So. 225.

■■ It is true that when the defendant has shown that the jury separated pending the trial, the burden is cast upon the state to affirmatively show that no injury resulted. This question is primarily for the trial judge, who has all the parties before him, and this court will indulge every presumption in favor of his finding.

■■ The crime here charged is alleged to have taken place in the home of Helen Barker, in her room and at night. The crime was actually committed by one Alf Davis, and this defendant is charged with aiding or abetting. After Alf Davis had gone, others came in answer to the cries of Helen Barker. Defendant made a light and it was found that Helen's hand was cut and bleeding. Several parties had come in by that time, and defendant was rendering first aid to the wounded hand and at Helen's request sent for the police. Richard Brown, one of the parties present, when being examined by the state was asked if Helen Barker appeared to be friendly. Objection was sustained to this question and defendant duly excepted. Immediately after Helen had given the alarm by screaming and calling, a number of persons came into her room and were present with the defendant when he was wrapping up Helen's hand. Everything said and done there at the time was testified to fully leaving the jury to draw its own conclusions as to the mental attitude of Helen. Moreover, the question did not confine the answer to the attitude of Helen towards defendant.

■ There was some evidence tending to prove that this defendant and Alf Davis had entered the house of Helen Barker at night and at the point of a pistol forcibly robbed her of two sofa pillows. This defendant admitted being present, but denied all part in the robbery. It was shown that after the robbery Alf Davis had run to the home of Richard Melton, a brother of defendant, where, a few minutes after, he was arrested, and in the room was found a pistol, which had not been in the room before Alf came. There was some evidence tending to prove the ownership of the pistol in Alf. The admission of this pistol in evidence was free from error.

■ There is some evidence tending to prove that this defendant was connected with the offense charged, but this evidence consists of the testimony of Helen Barker, whose character for veracity was impeached, and the facts and circumstances surrounding the transaction thoroughly impeach her testimony. The evidence as a whole is calculated to impress the jury with the fact that perhaps defendant is not a good citizen and that his conduct on that night was in many respects reprehensible, but the evidence falls far short of the requirement that the jury should be convinced beyond a reasonable doubt that the defendant is guilty of the offense as charged. We are convinced that it would be wrong and unjust for this verdict to stand, and the trial judge should have granted the motion for a new trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.