162 So. 546

## HAMILTON v. STATE.

### 5 Div. 966.

Court of Appeals of Alabama.

April 30, 1935.

Rehearing Denied June 4, 1935.

Felix L. Smith, of Rockford, and Pruet & Glass, of Ashland, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of robbery; his punishment fixed at imprisonment in the penitentiary for the term of ten years.

We quote, and approve, the following statement and conclusion in the Attorney General's brief filed here, to wit: "According to the State's evidence, the defendant (appellant) and one, Wilson, stopped at the home of E. L. Nicholson and asked for some food; the Nicholson household granted the request in a most gracious manner; the defendant and Wilson ate at the table with the Nicholson family; after supper they proceeded to commit the robbery complained of. There was a positive identification of the defendant by Nicholson and others. The fact that the robbery in question had been committed was not controverted. The defendant's defense was a plea—supported by testimony—of an alibi. A jury question was thus presented."

There is before us for review no ruling by the trial court with regard to appellant's motion to set aside the verdict of the jury; hence we do not consider those questions concerning the separation of the jury trying the case, while trying the case. Those questions, it seems, can be presented only by a motion to set aside the verdict. Thompson v. State, 23 Ala. App. 565, 129 So. 297. We might say, though, that a survey of the entire record, including the bill of exceptions, fails to impress us that appellant suffered any injury by any of the matters referred to above.

So far as we can observe, aided by the excellent brief filed here on behalf of appellant, the trial was conducted in every way with fairness to him.

The few exceptions reserved on the taking of testimony have had our careful consideration; but, in each instance, the exception is to a ruling so patently not infected with error prejudicial to appellant that we deem detailed discussion useless.

There was no exception to any portion of the oral charge of the court; no request for any written charge.

The evidence simply made an issue of guilt, vel non, to be decided by the jury. It found against appellant.

The judgment is affirmed.

Affirmed.