43 So.2d 892

**NELSON v. STATE.**

**1 Div. 364.**

Supreme Court of Alabama.

Dec. 15, 1949.

Rehearing Denied Feb. 2, 1950.

Outlaw, Seale & Kilborn, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Napoleon B. Nelson was convicted of murder in the first degree and sentenced to death by electrocution.

Nelson was represented upon arraignment and at the trial below by counsel of his own choosing. However, other counsel has been appointed by the trial court to represent appellant on appeal to this court under the provisions of Act No. 249, approved June 24, 1943, General Acts 1943, p. 217, 1947 Cum. Pocket Part, p. 61, Code 1940, Title 15, § 382(1) et seq.

One of the principal questions for review on this appeal arises from a denial of a motion for new trial upon the ground of separation of the jury pending the trial.

The trial began on March 8, 1949, and ended on March 10, 1949. The jury was permitted to separate at lunch time and to go to their respective homes on the nights of March 8th and 9th. This was in accordance with an agreement entered into between the State solicitor and counsel for appellant, defendant below, just before the trial commenced. The appellant did not enter into the agreement, nor was he consulted in regard thereto.

█ In Mitchell et al. v. State, 244 Ala. 503, 508, 14 So.2d 132, 137, it appears that the defendants who were indicted for a capital felony consented, along with their attorney, that the jury be permitted to separate and go to their respective homes to spend the night. We held: "If the jurors be permitted to separate as here, under instructions from the court, with or without the consent of defendant, such separation is subject to challenge by motion for new trial, whereupon the burden is upon the state to clearly show no injury resulted from such separation." No such showing having been made by the State on the hearing of the motion for new trial, the judgment was reversed and the cause remanded.

In this case the State has made no effort to show clearly that no injury resulted from such separation. It is the contention of the State that since this case was tried in the circuit court of Mobile County, which county has a population of 140,000 or more persons, according to the last federal census, it was not incumbent upon the State to make such proof. This contention is predicated upon the provisions of Act No. 384, approved July 8, 1943, General Acts 1943, p. 358, § 97(1), Title 30, Code of 1940, 1949 Cum. Pocket Part, p. 14.

█ The pertinent provisions of the said 1943 act, *supra,* are as follows:

"If the *accused* and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or noncapital, consent thereto in open Court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to the accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury." (Emphasis supplied.)

█ As before indicated, the appellant did not consent to the separation of the jury; therefore, the above-quoted provisions have no application. Consent of counsel for defendant is not sufficient and cannot supply the lack of consent of the defendant.

Since the provisions of the said 1943 act, *supra,* have no application, the rule of Mitchell et al. v. State, supra, controls. It was incumbent upon the State to show clearly that no injury resulted to the defendant from the separation of the jury.

No such showing was made. The State does not contend that it was made. It follows that the judgment must be reversed and the cause remanded.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.