224 So.2d 917

Lenwood **CARROLL**

v.

**STATE.**

**4 Div. 656.**

Court of Appeals of Alabama.

Oct. 8, 1968.

Rehearing Denied Nov. 5, 1968.

Powell & Sikes, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was originally assigned to Johnson, J. The case was reassigned to the writer on the disagreement of the writer and Price, P. J., with the opinion filed by Judge Johnson.

The facts in the record are quite simple. Carroll and another man were in a truck which drove up to a still in Covington County. They unloaded a large amount

of grain and sugar at the still yard, cranked up a gasoline motor which ran a pump to supply cooling water for the flake stand and engaged in other activities in and about the apparatus.

The State adduced testimony that the still was a complete one. Carroll testified he had gone into the area to get pears.

The jury found Carroll guilty under Count 2 which charged possession of a still. Upon this verdict, the judge pronounced judgment and sentence.

Further facts are contained in the opinion filed by Johnson, J., infra.

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate;

b) The court reporter's certificate;

c) The statement of the organization of the court;

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, empanelling of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);

f) Proceedings on the motion for new trial; and

g) Each ruling of the trial judge adverse to the appellant.

The matter on which our colleague would posit a reversal, we believe, was, first, harmless; second, covered by waiver; and, third, of doubtful inclusion in the scope of trial.

■ A somewhat similar matter was considered in Haynes v. State, 40 Ala.App. 106, 109 So.2d 738. The majority considers that Carroll voluntarily absented himself from the courtroom and, therefore, waived his right to be present.

■ Moreover, it is abundantly clear from both the report of the trial and of the hearing on the motion for new trial that Carroll only missed hearing the judge recite that which he (Carroll) had previously agreed to in the Judge's Chambers, to-wit, that the jury, which was apparently then being released for lunch, might separate. This in accordance with Act. No. 18, approved September 21, 1965.

In all probability jeopardy had not attached because the indictment had not then been read to the jury nor had any statement of defense counsel been made.

Whatever might have been irregular in the judge's announcement to the jury as to the separation was not availed of by defense counsel by way of a motion for mistrial. Nor did counsel for Carroll on the motion for new trial offer any explanation for not calling the judge's attention to the absence of defendant.

The opinion originally filed by Judge Johnson is as follows:

"The Grand Jury of Covington County, Alabama, returned an indictment containing two counts charging that the appellant 'did distill, make or manufacture alcoholic, spiritous, malted or mixed liquors or beverages, a part of which was alcohol, contrary to law, and against the peace and dignity of the State of Alabama;' and that he 'did manufacture, sell, give away, or have in possession a still or apparatus or appliance or some device or substitute therefor, to be used for the purpose of manufacturing or distilling any prohibited liquors or beverages, contrary to law, and against the peace and dignity of the State of Alabama.'

"To the indictment, the appellant pled not guilty. He was tried by a jury which found him guilty as charged in Count 2 of the indictment and was thereafter sentenced by the court to a term of one year and a day in the State Penitentiary. Hence, this appeal.

82

"The record reveals that the following events occurred after the jury had been struck and qualified:

" 'THE COURT: May I see the attor-neys and the defendant in the side room.

" 'IN ANTEROOM

" 'THE COURT: This is out of the presence of the jury and to determine whether or not the State and the Defendant is agreeable for the jury to separate during the lunch hour.

" 'THE STATE: Agreeable.

" 'THE COURT: The defendant?

" 'MR. SIKES: Agreeable.

" 'THE DEFENDANT CARROLL: Agreeable.

" 'BACK IN THE COURTROOM

" 'THE COURT: The jury will be permitted to separate during the noon hour. Do not discuss this case with anyone or permit anyone to discuss it with you, do not discuss it among yourselves, and be back in the jury box at 1:30.

" 'MR. SIKES: Let the record show that the defendant was not present when the Court dismissed the jury.'

"In his motion for a new trial appellant stated as one ground that the court erred in instructing the jury, outside the presence of the defendant, that during the trial of defendant's cause the members of the jury would be permitted to separate during the lunch recess and as another ground that the court in fact did permit the jury to separate and go to places of their own choice, unrestricted by the court at the noon recess during the trial.

"At the hearing on the motion for a new trial, appellant took the stand and testified that he had assented to the jury's separating during the lunch recess while he was in the conference room outside the jury's presence; that he left the conference room and went into the restroom and when he returned to the courtroom the 'jury was just getting out of their chairs to leave.' The appellant further testified that he did not hear the trial judge instruct the jury in any way at that time.

"The motion for a new trial was denied.

"It has been a well established principle in Alabama that a defendant who is charged with a felony has the right to be present at every stage of his trial. Ex parte Bryan, 44 Ala. 402; Neal v. State, 257 Ala. 496, 59 So.2d 797; Montgomery v. State, 42 Ala.App. 345, 164 So.2d 717.

"However, the defendant in a non-capital felony case may waive his continuous presence at the trial. Berness v. State, 263 Ala. 641, 83 So.2d 613. In order for the waiver to be valid and effective, it must be of an affirmative and positive nature and made by the defendant personally. Berness, supra; Haynes v. State, 40 Ala. App. 106, 109 So.2d 738.

"In Berness, supra, the judgment of conviction was reversed because during recess the defense attorney, noticing jurors conversing with a witness for the State, informed the trial judge thereof who went immediately to the street and cautioned the jurors against such communications during the course of the trial. The Supreme Court, affirming the Court of Appeals reversing and remanding of this case said that the trial judge was:

" 'debarred from any intercourse relative to an important incident of the trial with the jurors except in the presence of the defendant, and also his counsel if counsel was reasonably available.'

"This court held that the accused's rights were not impaired when, during the court's charge to the jury, he voluntarily left the courtroom for a moment and returned.

"And in Jackson v. State, 38 Ala.App. 114, 78 So.2d 665, while the jury was in the box receiving further instructions from the court, the accused left through one door

to the courtroom, walked down a corridor and reentered the courtroom through another door. Counsel's motion for a mistrial was held properly denied by the trial court. This Court stated that an accused cannot by his own voluntary conduct invite error and then seek to profit by it.

"Here, a close reading of the record on the motion for new trial leads us to conclude that the appellant did not voluntarily absent himself from the courtroom and thereby waive his right to be present.

"The facts here were that the appellant rather than absent himself from the courtroom during the trial, left the anteroom at the conclusion of the hearing on whether or not to let the jury separate. Thus, in effect, there were no proceedings going on at the time he left the anteroom. The trial judge upon returning to the courtroom should have waited for the appellant to return to the courtroom before proceeding with his instructions. There was no showing of an affirmative positive waiver made personally by the appellant. He did not leave the anteroom until the proceedings there were concluded. So it cannot be said that he waived his right there. He could not have voluntarily absented himself from proceedings which were not occurring. Therefore, it was reversible error for the trial court to proceed without the appellant being present. *Berness*, supra.

"Appellant also contends that the trial court erred in denying a new trial on the ground that the court permitted the jury to separate and go places of their own choice 'unrestricted' by the court at a recess of the cause.

"The Attorney General cites to us Tit. 13, Sec. 125(85c), 1967 Cum. Pocket Part, Code of Ala., 1940, wherein it is stated in part:

   " 'The provisions of this section shall apply only in the circuit court of the counties composing the twenty-second judicial circuit.'

   " 'If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or non-capital, consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to the accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.'

"In Chappelle v. State, 267 Ala. 37, 99 So.2d 431, Justice Stakely, speaking for the Supreme Court of Alabama, stated in part:

   " 'When a separation of the jury occurs, without the consent of the defendant, during the course of a prosecution for murder, upon proper motion by the defense for mistrial or a new trial, the burden is upon the state to show clearly that no injury resulted from the separation. Section 97(1), Title 30, Code of 1940; Nelson v. State, 253 Ala. 246, 43 So.2d 892; Wright v. State, 38 Ala. App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74.'

"Thus, although Tit. 13, Sec. 125(85c) permits the separation of the jury with proper consent of the parties, the burden of proof still remains upon the State to show that no injury resulted from the separation upon proper motion by the defense. In the case at bar, the prosecution failed to meet this burden and such failure to show no injury resulted from the separation constitutes reversible error. *Chappelle*, supra.

"During its oral charge to the jury, the court gave the affirmative charge for the defendant on the first count of the indictment which charged the offense of manufacturing or distilling prohibited liquors.

"The jury's verdict found appellant guilty as charged in Count 2 of the indictment.

However, the court in its judgment entry adjudged appellant 'guilty of the offense of Distilling and Possession of a Still as charged in Count 2 of the indictment.' Appellant contends that this was reversible error.

"The judgment entry was correct and complete in that it stated appellant was found guilty as charged in Count 2 of the indictment and that he was sentenced to one year and one day. That part of the judgment entry stating the word 'Distilling' must be treated as mere surplusage and, if erroneous, it is without injury. Hood v. State, 42 Ala.App. 286, 161 So.2d 154."

For the reasons set forth at the beginning of this opinion, the majority of the court (Price, P. J., and Cates, J.) consider that the appeal is not well taken; and, accordingly, vote to affirm the judgment below.

Affirmed.

JOHNSON, J., dissents.