248 So.2d 147

**Garld DEMMON**

v.

**STATE.**

3 Div. 61.

Court of Criminal Appeals of Alabama.

March 2, 1971.

Rehearing Denied March 23, 1971.

---

Pierce, Duncan, Hill & Russell, Kansas City, Mo., Gatewood Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

CATES, Judge.

Selling marijuana: sentence fifteen years.

### I

The jury were chosen and then without consent either of the accused or of his counsel, were allowed to separate overnight.

The next morning defense counsel objected to the trial going on because certain of the jurors were reading newspapers. In his motion counsel stated that there was a report of the conviction on the day before of a co-indictee of the defendant. The motion was denied without a hearing.

 Montgomery County having more than 140,000 people in the 1960 census, was at the time of trial within the mandatory purview of Act 384, approved July 8, 1943. See Nelson v. State, 253 Ala. 246, 43 So.2d 892.

When a jury is allowed to separate during a trial a presumption of prejudice arises. Christison v. State, 39 Ala.App. 175, 96 So.2d 701.

Since the court did not give the State any opportunity to rebut this prima facie reversible error we have no alternative but to remand for trial de novo.

### II

All charges tendered in writing by the defendant were given. No exception to that part of the oral charge defining and describing entrapment was taken before the jury retired. Whether or not the defendant was entrapped was, at most, a disputed question of fact and hence strictly on this record a jury question.

We cannot on this record tell that there was a breach of the rule in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215, or Powell v. Wiman, 5 Cir., 287 F. 2d 275. Off-hand, other than some proceeding in aid of the issuance of a subpoena for the alleged C.I.D. agent Coulter, who apparently is no longer in Alabama, we see no redress in our State courts to compel him to testify.

For the error pointed out the judgment is reversed and the cause remanded for new trial.

Reversed and remanded.