300 So.2d 416

**Wendell PITTS**

**v.**

**STATE.**

**8 Div. 419.**

Court of Criminal Appeals of Alabama.

April 23, 1974.

Rehearing Denied May 21, 1974.

Bryce U. Graham, Florence, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

TYSON, Judge.

The grand jury of Lauderdale County charged the appellant in separate counts for grand larceny and buying, receiving, concealing, or aiding in concealing one calf, the personal property of one Doyle Smith. The jury found the appellant guilty as charged in both counts. The trial court then sentenced the appellant to four years imprisonment in the penitentiary.

The appellant's motion for a new trial was duly overruled.

## I.

The appellant contends that the trial court erred, prior to the trial, in overruling his motion to quash the indictment on the grounds that no legal evidence was before the grand jury.

Our courts have determined that legal evidence before the grand jury may be furnished by witnesses' testimony or legal documentary evidence. Fikes v. State, 263 Ala. 89, 81 So.2d 303; Crowden v. State, 41 Ala.App. 421, 133 So.2d 678.

At the hearing on the motion to quash, the appellant attempted to elicit answers which would or would not "connect" the appellant with the alleged theft. The appellant presented some fifteen witnesses at this hearing. Ten of these witnesses stated that they had testified before the grand jury which returned the indictment against the appellant. Deputy District Attorney Johnson stated that he questioned these witnesses in the presence of the grand jury.

"The established rule is:

'When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged.' Sparrenberger v. State, 53 Ala. 481."

Moreover, the testimony before the grand jury may consist of hearsay entirely. Costello v. United States, 350 U.S. 359, 76 S. Ct. 406, 100 L.Ed. 397.

It is clear from the testimony of the witnesses that the trial court here correctly did not allow the appellant, prior to trial, to require each of these witnesses to relate the essence of their testimony before the grand jury. Title 30, § 86, Code of Alabama 1940; Fikes v. State, 263 Ala. 89, 81 So.2d 303; Loyd v. State, 279 Ala. 447,

186 So.2d 731; Renfroe v. State, 49 Ala. App. 713, 275 So.2d 692.

## II.

■ The appellant contends that the trial court erred in allowing the jury to separate, over his objection, during the course of the trial.

At the end of the first day of the trial, on Monday, June 4, 1973, the trial judge asked the attorneys for both sides, outside of the jury's presence, if there was any objection to allowing the jury to separate. From the record: (R. p. 158)

"THE COURT: Gentlemen, is there any objection to this jury separating over night?

"MR. TATE: The State has none.

"MR. GRAHAM: Yes, we do object. We would like for the Jury to be kept together.

"THE COURT: Well, the Court will rule that we will allow the Jury to separate but the Court will first give full and complete instructions to the Jury with reference to this case and their separation, and the necessity that no outside influence of any kind reach them.

"MR. GRAHAM: THE DEFENDANT DOES OBJECT TO THE JURY BEING SEPARATED AND WE THINK THE DEFENDANT WOULD BE DEPRIVED OF DUE PROCESS OF LAW, AND THE KIND OF CASE THIS IS, EVERY-BODY IN THE COUNTY KNOWS ABOUT IT AND IF THEY HAD A COW STOLEN IT WOULD BE VERY PREJUDICIAL AND DAN-GEROUS TO THE DEFENDANT IF THEY ARE ALLOWED TO GO HOME.

"THE COURT: WE WILL LET THE FULING (Sic) STAND AS I HAVE SAID.

"MR. GRAHAM: WE EXCEPT."

The next morning, the trial judge heard the testimony of one witness and then, shortly before a mid-morning recess, made inquiry of the trial jurors if anyone had tried to contact them regarding the case while they were separated the previous evening at home, or if they had read, heard or seen any news reports pertaining to the case, or if they were subjected to any outside influence at all. No juror responded. (R. p. 185)

At the end of the second day of the trial, the trial court again allowed the trial jury to separate for the night but admonished them pertaining to reading newspapers or listening to television or as to any contact with outside influences. (R. pp. 276–277)

However, the next morning when the trial resumed for the third day, on Wednesday, June 6, 1973, no effort was made by the trial judge or the District Attorney to determine if any of the jurors were exposed to outside influences following this second separation.

In Title 13, § 125 (48k), Code of Alabama 1940, as amended, we find the following:

"Separation of jury by consent—(1) In any trial of a felony, whether capital or noncapital, in the eleventh judicial circuit of the state, the court, in its discretion, may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not, provided that the accused, his counsel and the prosecuting attorney consent to such separation. A separation so permitted shall not create a presumption or [of] prejudice to said accused, but on the contrary it shall be prima facie presumed, that the accused was not prejudiced by reason of the separation of the jury.

"(2) It shall be improper for the trial court to ask the accused, counsel for the accused, or the prosecuting attorney in

the hearing of the jury whether or not he or they will consent to a separation of the jury pending the trial. It shall be improper for the accused or counsel for the accused, or the prosecuting attorney to state to the trial court in the hearing of the jury, that he or they consent to a separation of the jury pending the trial. (1971, No. 968, appvd. Sept. 7, 1971.)"

In Lynn v. State, 250 Ala. 384, 34 So.2d 602, the Supreme Court, through Simpson, J., stated:

"The prevailing rule in this jurisdiction controlling the question is that 'a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured.' Payne v. State, 226 Ala. 69, 70, 145 So. 650; Arnett v. State, 225 Ala. 8, 141 So. 699; Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297; McElroy v. State, 30 Ala.App. 404, 7 So.2d 508, certiorari denied 242 Ala. 529, 7 So.2d 489; Cobb v. State, 18 Ala.App. 556, 93 So. 225; Melton v. State, 26 Ala.App. 265, 158 So. 196; Redus v. State, 243 Ala. 320, 321, 9 So.2d 914; Aylward v. State, 216 Ala. 218, 113 So. 22."

In Bell v. State, 227 Ala. 254, 149 So. 687, Mr. Justice Thomas stated the rule in this manner:

" * * * Counsel and jurors should so conduct themselves during all stages of the trial as that no misunderstanding, blame, undue or improper influence may result, or so as not to be open to such charge. The test is, (1) not whether the conduct or misconduct did actually influence the jury or a juror without the rules that obtain and outside of the evidence, but (2) that it must not be such as that it might have done so and so improperly influenced the jury or a juror contrary to law and for other motives than those the evidence afforded and the trial warranted. Roan v. State, 225 Ala. 428, 143 So. 454; Leith v. State, 206 Ala. 439, 90 So. 687; Ballard v. State, 225 Ala. 202, 142 So. 668; Jones v. State, 21 Ala.App. 33, 104 So. 878; Holladay v. State, 20 Ala.App. 76, 101 So. 86; Weaver v. State, 17 Ala.App. 506, 86 So. 179 [; Redus v. State, 243 Ala. 320, 9 So.2d 914]."

In construing substantially the same provisions with reference to the Circuit Court of Mobile County, Alabama, our Supreme Court, through Mr. Justice Lawson in Nelson v. State, 253 Ala. 246, 43 So.2d 892, pointed out, "consent of counsel for defendant is not sufficient and cannot supply the lack of consent of the defendant."

In appellant's motion for a new trial, we find the following ground:

"The Court erred in permitting the jury to separate during the trial of this cause over the objections of the Defendant."

Thus where, as here, the trial court permitted the jury to separate over night without the consent of the defendant, and indeed here over his objection and exception, such is error to reversal. Nelson v. State, supra; Mitchell v. State, 244 Ala. 503, 14 So.2d 132; McCarty v. State, 35 Ala.App. 201, 45 So.2d 175; Annotations in 34 A.L.R. 1115 and 79 A.L.R. 821. See also annotation 21 A.L.R.2d 1088.

Moreover, where as here such separation is averred in the motion for a new trial, Mr. Justice Stakely, speaking for the Supreme Court in Chappelle v. State, 267 Ala. 37, 99 So.2d 431, stated in part:

"When a separation of the jury occurs, without the consent of the defendant, during the course of a prosecution for murder, upon proper motion by the defense for mistrial or a new trial, the burden is upon the state to show clearly that no injury resulted from the separation. Section 97(1), Title 30, Code of 1940; Nelson v. State, 253 Ala. 246, 43

So.2d 892; Wright v. State, 38 Ala.App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74. * * * "

Here there was no effort by the state on hearing the motion for a new trial to meet this burden. Thus, the prima facie case for reversal was made by the defendant. Under the doctrine of the cases above discussed, this cause must therefore be reversed. Tidwell v. State, 37 Ala.App. 228, 66 So.2d 845, cert. den. 259 Ala. 464, 66 So.2d 848; Carroll v. State, 45 Ala.App. 80, 224 So.2d 917, cert. den. 284 Ala. 728, 224 So.2d 920; Demmon v. State, 46 Ala. App. 652, 248 So.2d 147, cert. den. 287 Ala. 730, 248 So.2d 148; Schofield v. State, 45 Ala.App. 191, 227 So.2d 822; Lee v. State, 47 Ala.App. 548, 258 So.2d 743; Pratt v. State, 48 Ala.App. 341, 264 So.2d 571.

We pretermit consideration of other assignments of error raised in brief, as they are not likely to occur in retrial of this cause.

For the reasons set out herein, the judgment of conviction is due to be reversed and the cause is hereby remanded.

Reversed and remanded.

CATES, P. J., and HARRIS and De-CARLO, JJ., concur.

## ON REHEARING

TYSON, Judge.

The State calls attention to Record page 327, where just before the noontime recess on the third day of trial, the trial court did make inquiry of the Jury as to whether or not, while they were separated during the previous evening at home, any of them had read, heard, or seen any news reports pertaining to the case, or if they had been subjected to any outside influence. No juror responded.

It should be noted as to this inquiry, as well as the inquiry by the trial court the previous day, that such questions were directed to the jurors as a group without opportunity of cross-examination. Moreover, as noted in original deliverance, there was no effort on the part of the State to show that no injury resulted on hearing motion for new trial under the authorities previously cited.

Opinion extended, application overruled.

All the Judges concur.