JOSEPH J. MULLINS, Retired Circuit Judge.
The grand jury of Winston County returned an indictment against the appellant, Joe A. Fuller, charging him with obtaining personal property by false pretenses. The appellant entered a plea of not guilty. A jury found appellant guilty as charged. Appellant filed a motion for a new trial. The trial court denied appellant’s motion for a new trial, and duly sentenced him to five (5) years in the penitentiary, and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court, and is so represented in this Court.
Appellant contends that his conviction should be reversed because the trial court erred in allowing the jury to separate over appellant’s objection during the course of the trial; in denying his motion for a mistrial due to the statement of the District Attorney made in the presence and hearing of the jury that he had no objections to the jury separating; and in overruling his motion for a new trial.
On the first day of the trial, December 1, 1977, and after the trial had been in progress for some time we find from the record: (R. p. 123)
“THE COURT: Ladies and gentlemen, you have been in your seats more than an hour and a half. I know you get tired. At this time we will take a break. While you are out do not talk to anyone about the case, do not allow anyone to talk with you about it. Be back in your seats in 20 minutes.
(Whereupon, a break was had from 2:57 p. m. until 3:18 p. m., at which time proceedings resumed.)”
Again from the record: (R. pp. 155-157)
“MR. TAYLOR: Thank you. That’s all.
(Witness excused)
THE COURT: Ladies and gentlemen, while you are separated overnight do not allow anyone to talk to you about this case, and should you come into contact with a fellow juror don’t even discuss it with him. You are never to discuss a case among yourselves or with any other person until you finally receive the case for your deliberations after the Court has charged you as to what the law is, and only when you get into the jury room are you to discuss it even among yourselves. So with that admonition — do you have something?
(Attorneys approach bench.)
MR. ATKINSON: Judge, we have no objections to them separating.
MR. TAYLOR: At this time we move for a mistrial because of the comments of the District Attorney in the presence and hearing of the jury that he had no objections to their separating.
THE COURT: Motion denied.
MR. TAYLOR: It is highly prejudicial and calculated and meant to prejudice the jury.
THE COURT: Let me talk with counsel.
(The Judge, District Attorney, Assistant District Attorney and Defendant’s counsel leave the courtroom and return.)
THE COURT: Ladies and gentlemen, while you are separated overnight, as I have told you, you are not to discuss the case with anyone. Don’t discuss it with your family under any circumstances and, as I told you, don’t even discuss it among *851 yourselves. If anyone should bring up the case in any way or ask you about anything that has gone on in the Court in this case tell them you cannot discuss it. Should anyone try to discuss it with you, report this to the Court immediately. Be back in your seats in the jury box tomorrow morning at 9:00. You are excused until in the morning at 9:00.
(The jury leaves the courtroom at 4:36 p. m., December 1, 1977.)
MR. TAYLOR: Let the record show that the jury was allowed to separate over the protest and objection of the Defendant and that we again renew our motion for mistrial based on the remark of the District Attorney wherein he said in the presence and hearing of the jury that he didn’t have any objections to the jury separating and that the reminder to the Court that we didn’t agree to the separation of the jury and it was made in such a low tone of voice so that only the District Attorney and the Judge could hear it at the bench.
MR. ATKINSON: On the record, the State would like to say the comments made by the Defense attorney were in the presence of the Court at the bench and the comments made by the District Attorney were at the bench before the Judge as well.
MR. TAYLOR: Let the record show that the District Attorney spoke in a loud tone of voice and it was intended for the jury to hear.
MR. ATKINSON: And to that we join issue.
(Court adjourned at 4:39 p. m., December 1, 1977, and reconvened at 9:00 a. m., December 2, 1977.)”
Again from the record: (R. p. 196)
“THE COURT: Ladies and gentlemen, it is approaching 25 after ten. We will take a morning break now. While out on your break, do not mention one word to each other about what has transpired, what the evidence has been or anything about the case. You are not to say anything to anyone, even yourselves, no matter where you are, about the case until you get it for your final verdict. At this time we will be excused for 20 minutes.
MR. TAYLOR: We object to the separation of the jury for recess.
THE COURT: Overruled.
(Recess from 10:23 a. m. until 10:43 a. m.)”
Again from the record: (R. p. 237)
“THE COURT: Ladies and gentlemen, we will take our lunch break now. While you are separated for lunch do not talk to each other about the case. Do not allow anyone to talk to you about it. The same admonition I gave you at previous times when you were separated applies now. Be back in your seats at 1:00.
MR. TAYLOR: At this time we interpose an objection to the separation of the jury.
THE COURT: Objection overruled.
(Whereupon, a lunch recess was had from 12:03 until 1:00 p. m. at which time proceedings were resumed.)”
Again from the record: (R. p. 289)
“THE COURT: Ladies and gentlemen, it is time for our afternoon break. While you are on your break, you are under the same admonition as the previous breaks. Do not talk to anyone about the case in any way. Be back in your seats in twenty minutes.
(Whereupon, a recess was had from 2:27 p. m. until 2:45 p. m., at which time proceedings were resumed.)”
Again from the record: (R. pp. 333-334)
“THE COURT: Ladies and gentlemen, it is now 4:08 or 9 or somewhere around there. I anticipate it will take probably three more hours to get the case to you which will put it around 7:00 or after and for that reason I hate to call you and have you come back on Saturday but I believe that’s probably the lesser of the two alternatives that we have, the least objectionable. So I am going to excuse you until in the morning at 9:00. Be back in your seats at that time.
Before you go, let me give you strict instructions as I have done on previous occasions when you were separated. Do not let anyone talk to you about this case in any way whatsoever. If any of your family *852 asks you what has gone on, do not tell them. Tell them you are not at liberty to talk about the case, that you can tell them all about it after it is over. If anyone should try to talk to you about the case in any way, let the Court know immediately. So with that you are excused until in the morning at 9:00.
(Whereupon, the jury was excused and court recessed from 4:09 p. m., Friday, December 2, 1977, until 9:00 a. m., Saturday, December 3, 1977, at which time proceedings resumed.)”
After the jury returned its verdict finding the appellant guilty as charged the following occurred: From the record: (R. p. 353)
“THE COURT: Ladies and gentlemen, this trial lasted one full day and two parts of the day and, of course, you were separated overnight for two nights and you were allowed to separate for recesses and during the morning and afternoon and during lunch, and I would like to ask each of you at this time whether or not you were influenced in any way by anyone or if you talked about the case with anyone or to anyone during the time you were separated. And this is done for the purpose of, not to question your integrity as a juror, but to get it in the record whether or not you were influenced in any way or from any outside pressure applied on you while separated.
(Each juror answered ‘No.’)
(JURY EXCUSED AT 1:09 p. m.)”
The case was continued for sentencing until December 12, 1977. On December 7, 1977 appellant filed a motion for a new trial. Ground 15 of the motion was that the trial court permitted the jury, over appellant’s objection, to separate during the trial. Ground 16 of the motion was that a new trial should be granted because the District Attorney remarked in a voice clearly audible to the jury: “I do not object to the jury separating.”
On December 12, 1977 appellant’s motion for a new trial was denied by the trial court. The state offered no evidence on the hearing for the new trial. Nothing appears in the record before us that the appellant or his counsel consented to the separation of the jury during the trial.
We hold that the trial judge was in error in allowing the jury to separate during the trial of this case over the objection of, and without the consent of appellant and his counsel. We hold that the trial court was in error in overruling appellant’s motion for a mistrial and motion for a new trial because of the comments of the District Attorney in the presence and hearing of the jury that he had no objections to their separating.
We hold that the remarks of the trial judge to the jury at the conclusion of the trial and after the jury’s verdict are not sufficient to discharge the burden of the state to show clearly that no injury resulted from the separation of the jury during the trial. Code of Alabama 1975, Sec. 12-16-9; Nelson v. State, 253 Ala. 246, 43 So.2d 892; Pitts v. State, 53 Ala.App. 373, 300 So.2d 416; Demmon v. State, 46 Ala.App. 652, 248 So.2d 147.
We have not considered other matters complained of in appellant’s brief, as they are not likely to occur in a retrial of this cause.
For the errors pointed out the judgment of the trial court should be reversed and the cause remanded for a new trial.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act ¶ 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.