374 So.2d 922 (1978)
Norman Jerald TILLMAN, alias
v.
STATE.
1 Div. 950.
Court of Criminal Appeals of Alabama.
October 31, 1978.
After Remandment May 1, 1979.
Rehearing Denied May 22, 1979.
*923 Donald E. Brutkiewicz, Mobile, for appellant.
William J. Baxley, Atty. Gen., and James F. Hampton, Asst. Atty. Gen., for the State, appellee.
BOOKOUT, Judge.
Grand larceny; sentence: one year and one day imprisonment.
Appellant asserts as grounds for reversal the failure of the trial court to grant his motion for new trial based in part upon the court's failure to obtain his and his counsel's permission to allow the jury to separate during the course of the trial. The jury, by the State's own admission in brief, was in fact allowed to separate during the course of the trial. As the State's brief further concedes, there is nothing in the record to indicate that the matter of jury separation was ever discussed during the trial.
The rule in this state is that the separation of the jury pending and during a trial for a felony offense raises a prima facie ground for reversible error. Demmon v. State, 46 Ala.App. 652, 248 So.2d 147 (1971); Christison v. State, 39 Ala.App. 175, 96 So.2d 701 (1957). When the fact of separation is established and properly presented to the trial court, the burden then rests on the State to affirmatively show that the defendant was not prejudiced or injured by the jury separation. Christison, supra. The motion for new trial was accompanied by an affidavit sworn to by the appellant setting forth the fact that the jury was allowed to separate without his consent. No evidence was presented by the State to rebut the presumption of prejudice to the appellant. The error was properly raised by motion for new trial. Pitts v. State, 53 Ala.App. 373, 300 So.2d 416 (1974).
In Burnett v. State, Ala.Cr.App., 355 So.2d 1139 (1977), this court stated:
"There an alternative to reversing for a full new trial as the issue is whether or not the jurors were actually subjected to any improper influence during the periods when they separated. By remanding with directions to hold another such hearing, we may reinvest the trial court with jurisdiction to make a valid determination of this issue without the necessity of a retrial of the issue of guilt or innocence...."
*924 Based upon the authority set out in Burnett, supra, we remand the instant cause with directions for the trial court to hold an evidentiary hearing on the issue of whether or not any juror was subjected in any manner to outside influence prejudicial to the appellant. A transcript of the testimony of such hearing along with the ruling of the trial court thereon shall be filed with this court as expeditiously as possible in answer to the remandment for our further consideration.
REMANDED WITH DIRECTIONS.
All the Judges concur.

After Remandment
BOOKOUT, Judge.
On original consideration of the instant appeal, this court found that an unauthorized jury separation had taken place, and we remanded with directions to the trial court to hold an evidentiary hearing on whether or not any juror was subjected in any manner to outside influences prejudicial to the appellant during such separation.
In answer to the remand, a transcript of the testimony of such hearing has been filed with this court, and we find that there is no evidence that any juror, during separation, was influenced in any way which would be prejudicial to the appellant. Upon making such a finding, this case would have been affirmed except for a recent decision by the Alabama Supreme Court which necessitates our review of an issue which we had not considered earlier as a ground for reversal.
During the closing arguments, the prosecutor made reference to a "two-page F.B.I. rap sheet" on the appellant. From the record:
"MR. DUMONT: Judge, he put it in issue in his closing and I have a right to go into it. He said that if he had a rap sheet
. . .
"MR. BRUTKIEWICZ: I'm going to object to it.
"THE COURT: Only closing arguments on the evidence that's introduced in this trial. Go ahead.
"MR. DUMONT: If we had been able to go into it when Mr. Tillman took the stand we could have shown you convictions that he had going back to 1968 where he was convicted of ...
"MR. BRUTKIEWICZ: Judge, this is improper and I ask you to instruct the State's attorney not to do that and instruct the jury that it has no basis for evidence.
"MR. DUMONT: Judge, he put it directly in issue himself and said that if he had one I would have read it off. Now, you know that that's an effort to mislead the jury. The jury is not expected to know what crimes can be gone into for impeachment purposes and since he put it in issue I should have a right to rebut it.
"THE COURT: What you said was true. Any conviction involving moral turpitude, you could have elicited it from him.
"MR. DUMONT: I understand that, Judge, but the jury doesn't and said if he had other convictions I would stand up here and read them off, so and so, so and so, and so and so, which is to make the jury believe that he doesn't have other convictions.
"THE COURT: Go ahead.
"MR. BRUTKIEWICZ: Hold on just a minute, Your Honor, while I object to it and I want the objection to be in the record.
"THE COURT: It's in the record.
"MR. BRUTKIEWICZ: Did you get his statement, Miss Court Reporter?
"REPORTER: Yes, sir.
"MR. BRUTKIEWICZ: I object to that portion of the closing argument wherein he discusses a rap sheet or former record.
"THE COURT: Go ahead. Overruled.
"MR. DUMONT: Well, just suffice it to say that if I follow the rules of evidence in Alabama, the legal rules of evidence, which I have taken an oath to do, then the only crimes that I can use for impeachment purposesin other words, that is to say, when the Defendant takes the stand I have the right to impeach his credibility by saying, well, isn't it true *925 that on such and such a date in the past you were convicted of a crime involving moral turpitude, which means that you were convicted of a crime wherein your word was at issue, in laymen's terms, wherein your ability or your disposition to tell the truth was at issue, and those are the only crimes that I can use to impeach the man with. If he doesn't take the stand I can't even do that. If he doesn't take the stand he could be charged with any number of heinous crimes and I couldn't even tell you about it. Now, that's the law of Alabama and I'm going to follow it. I'll tell you, since he brought it up, that he has a two-page F.B.I. rap sheet going back to 1968 ...
"MR. BRUTKIEWICZ: Judge, I'm going to object ... (Mr. Dumont and Mr. Brutkiewicz speak at once.)
"MR. BRUTKIEWICZ: Hold on just a minute. Judge, I want to make a formal objection and I want the Court to then charge the jury that the only purpose of bringing in former convictions is to test the reliability of the witness, test his truth-telling ability, and if there's any former conviction that goes to the question of telling the truth or the question of moral character, then they can impeach a person on it, and I think the law is that anything involving lying, stealing or cheating and anything involving fist fights or anything like that or whiskey or anything like that, that's got nothing to do with a person's truth-telling ability. If a person gets into a fight on the street or drinks whiskey or something like that, that's nothing to do with truth-telling ability and the only thing he can impeach a person on is things like lying, stealing and cheating.
"THE COURT: Go ahead.
"MR. BRUTKIEWICZ: Isn't that the law in Alabama?
"THE COURT: That's correct. I will charge the jury."
The trial court then charged the jury, in pertinent part, as follows:
"... You've just heard the lawyers give what we call a closing argument. A lawyer not only has a right, he has a duty to make a closing argument if he thinks it's to the best interest of whichever side he represents. In making his closing argument, the attorneys have a right to draw inferences, interpretations and conclusions from the facts as they see and hear or remember those facts to be. As the attorneys told you, what they think is not important, which I think is not important, but what you think is because you are the sole triers of the facts in this case. You and you alone must sift through the evidence and, of course, accept the true and reject the false. If any lawyer in his closing argument argued to you inferences, facts or conclusions from those facts inconsistent with what you would draw, then you are to be guided by your own interpretations or conclusions from the facts you heard from this stand and not what either lawyer told you."
In Whitt v. State, Ala.Cr.App., 370 So.2d 730 (1978), this court refused to reverse for prejudicial remarks of a prosecutor where the remarks appeared to be "argument in kind" to rebut remarks made by the defense counsel, and where the trial court instructed the jury concerning the comment. In Whitt, when the defense counsel objected to the prosecutor's statement, the prosecutor argued to the judge that it was a "comment in kind" on a matter which the defense counsel had argued in his closing argument. Although the comments of the prosecutor involved different subject matter, in both the Whitt case and the instant case, the prosecutors' comments were predicated upon their statement and belief that they were making a reply in kind to arguments previously made by defense counsel. In both instances, the trial judge was present and had heard the prior argument of defense counsel. Likewise, in neither case did defense counsel refute the fact that he had made such a prior argument.
The Alabama Supreme Court reversed this court in Ex parte Whitt, Ala., 370 So.2d 736 (1979), holding that the prosecutor's statement in that case was prejudicial and that the trial court's instruction fell short of *926 effectively erasing the prejudicial effect of that comment. As to the issue of "argument in kind," the Supreme Court refused to consider that as a ground for justifying the comments of the prosecutor since the record in that case did not contain a transcript of the closing arguments. It is therefore apparent that, unless the State takes steps to supplement the record on appeal with a court reporter's transcript of the closing arguments in such instances, we can give no weight to the fact that a prosecutor prefaces his comments with a statement that defense counsel had previously argued the same matter and the trial judge ruling thereon had personally heard defense counsel's prior argument.
As in Whitt, supra, the closing arguments are not transcribed in the instant record. We therefore are unable to find the prosecutor's comments to be responsive to or a reply in kind to earlier argument of the defense counsel. Thus, we must review the prejudicial effect of the prosecutor's comments as though the subject had never been brought up by the defense.
Unless falling within one of the well recognized exceptions, evidence tending to show a defendant guilty of prior offenses, not relative to the crime charged, is inadmissible. Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953); Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Gamble, McElroy's Alabama Evidence, (3d ed.), § 69.01. In Barnett v. State, 52 Ala.App. 260, 291 So.2d 353 (1974), this court stated:
"... It is only when a statement is of a substantive, outside factstated as a factand which manifestly bears on a material inquiry before the jury that the court should interfere and arrest discussion."
In order to reverse in the instant case, we must find that the prosecutor stated facts, either pertinent to the issue and not in evidence, or facts which would not be legal evidence if offered as such, yet which would have a natural tendency to influence the finding of the jury. Edson v. State, 53 Ala.App. 460, 301 So.2d 226 (1974); Cross v. State, 68 Ala. 476 (1881).
The prosecutor's comments to the effect that the appellant had a two-page F.B.I. rap sheet going back to 1968 was a statement of fact or facts, inadmissible as evidence, which would influence the jury against the appellant. The prejudicial effect of such comments is obvious. The appellant therefore is entitled to a new trial.
REVERSED AND REMANDED.
All the Judges concur.