(117 So. 281)

## WILLIAMS v. STATE. (6 Div. 326.)

Court of Appeals of Alabama. June 5, 1928.

W. Marvin Scott and Paine Denson, both of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. ▆ The facts of this' case were controverted; that is to say, in dispute. The apparent conflict in the evidence was for the jury to determine, and in their deliberations the jury were under the duty to consider only the evidence allowed to go to them by the court's rulings, and from such evidence alone should their conclusion, vital both to the state and to the accused, be determined. Any conduct or utterances by the court or counsel tending to defeat this end was· unauthorized, unwarranted, and unfair, and must of necessity be revised. We note from the record that a special prosecutor appeared with the solicitor on the trial of this appellant, and in his opening argument for the state referred to the accused, "That he [the defendant] was a common chicken stealer;" and upon objection being made and overruled made the statement, "Save and except this chicken thief," etc. Proper objections were interposed and motions made to exclude these utterances from the jury and upon being overruled exceptions were duly reserved. That these statements were not within the bounds of legitimate argument needs no discussion; that they were highly prejudicial to the substantial rights of the accused and tended to prejudice the jury against him is manifest. By thus bringing the accused into unquestioned disrepute before the jury, the rule above announced was clearly abrogated and the court should not have permitted these statements to remain with the jury. There was not, and could not properly have been, any evidence in this case to sustain these utterances. The testimony of witness Aaron as to the character of the accused was allowed as a premise upon which his estimate of such character was predicated, and this, of course, was the merest hearsay; certainly not a substantive fact to be argued to the jury. The insistences of the defendant were before the jury, and the truth of his statements in evidence to sustain them was for the jury. For this evidence to be viewed from the erroneous premise that the man who gave the testimony "was a common chicken stealer," and "a chicken thief," was improper, unfair, unwarranted, and unauthorized, and the rulings of the court in this connection constitute error and necessitate a reversal of the judgment of conviction from which this appeal was taken.

▆ The accused was entitled to a fair trial, a trial based upon the evidence and the law applicable thereto. If his testimony was true, it is apparent that he was within the law in taking the life of the deceased under the circumstances related by him in his testimony upon the stand. In weighing this testimony (that of the accused) the jury were authorized to consider the fact that he was the defendant, and therefore interested in the result of their deliberations. Also in the light of the fact that there was evidence of his bad character for truth and veracity. But the jury were not authorized to weigh

his testimony from the viewpoint of his being "a common chicken stealer," and "a chicken thief," which the utterances of the special prosecutor implied and the rulings of the court confirmed. In Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462, the Supreme Court made certain statements somewhat applicable here. The court said:

"The writer cannot understand how it is possible that a citizen is not injured when he is deprived of such rights. The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

Reversed and remanded.