**GRIMES v. STATE.**

4 Div. 583.

Court of Appeals of Alabama.

April 22, 1930.

RICE, J.

512

Harry Adams, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was charged by indictment with the offense of violating the Prohibition Law (Code 1923, § 4615 et seq., as amended), and upon the trial the state's evidence tended to show that the searching officers found a small quantity of rum in a jug in defendant's home. The defendant and his several witnesses testified that the jug in question had been used to contain vinegar and that the contents in the jug when found by the officers was water placed in there by the small daughter of the defendant. Rum is a prohibited liquor; this is judicially known; and if the jug in question contained rum as testified to by the state witnesses, and if it was in the possession of the accused, these facts when established by the required rules of evidence would be sufficient upon which to predicate a verdict of guilty under the charge of possession of prohibited liquor. On the other hand, even if the jug in question was sufficiently shown to be in the possession of the defendant, yet if its contents was vinegar and water, or if there was a reasonable doubt from the evidence that such contents was rum, as insisted by the state, no conviction could be had. The evidence being in sharp conflict upon these material inquiries made a question for the determination of the jury, and the court below was without authority to direct a verdict for defendant as requested in writing. There was no error in refusing to defendant the affirmative charge.

The indictment contained several alternative averments, but the state made no effort to sustain, by its evidence, any of the accusations except the charge of possession by defendant of prohibited liquor. The state's evidence was confined solely to that question. This being true, we are of the opinion that the unguarded and unwarranted statement of fact made by the solicitor in argument to the jury, to the effect that "the defendant was a big bootlegger and needed a large fine," also, as a law-abiding citizen he would not go into the bootlegging business, which utterances met the approval of the trial court, were not within the confines of legitimate argument, and that the exceptions reserved by defendant in this connection were well taken.

The appellate courts of this state have many times announced the well-settled rule as to argument of counsel, and have prescribed the limits within which counsel in their argument to the jury should be confined, and the effect of this rule, gathered from all of the cases, is that the proper bounds are overstepped when counsel goes outside of the record for the purpose of abusing and vilifying the defendant and transgresses his rights and duties when he accuses the defendant as being guilty of a degrading offense to support which there is no testimony. In this day and age the term "bootlegger" has a well-understood meaning. It conveys the impression and imports the peddling and illegal sale of intoxicating liquor. In Commonwealth v. Pezzner, 78 Pa. Super. Ct. 286, the

court said: "The term 'bootlegging' was defined * * * to be, 'The selling of whiskey (or other intoxicating liquors) contrary to law,' and we think this fairly states its commonly accepted meaning."

The mere possession of prohibited liquors does not constitute the possessor a bootlegger. No court has so declared, nor does the common and general acceptation of the word so impute. A bootlegger may be said to be a person who, for gain, sets himself up in defiance of the law of the land, and the term itself is one of opprobrium and necessarily injuriously affects the status of the person accused of doing it.

It has been universally held, and correctly so, that an attorney in his argument to the jury has no right to go outside of the record for the purpose of engendering the passions or prejudices of the jury, nor has he the right to assert as a material fact that which the testimony does not support, or which fact is not to be deduced from other facts or circumstances proven, especially so if the statement consists in the unsupported charge that the accused is guilty of an independent offense calculated to render him obnoxious to the jury. In this era we may take judicial notice of the fact that the term "bootlegger" refers to a person who unlawfully, and for his personal gain, engages in the sale of prohibited liquors. We likewise know that in some communities, and with some people, no more opprobrius epithet could be applied to one than to call him a "bootlegger." In such communities and before such people it is not difficult to see that the accusation coming from this source would be calculated to cause the jury to regard the accused with extreme contempt and prejudice and to cause them to render a verdict against him which in the absence of such unwarranted statement they might not otherwise do. At any rate, it is impossible for this court to say that such a charge would not so affect the verdict of the jury. In questions of this character the rule is, not that it did so affect the verdict of the jury, but might it have done so. In Driver v. Pate, 16 Ala. App. 418, 78 So. 412, this court said in substance: The question is not whether this misconduct did affect the verdict, for it has been held many times that it need not be shown that the misconduct complained of actually controlled or determined the verdict, if it is made apparent that the verdict might have been affected by it. See also Lakey v. State, 18 Ala. App. 442, 93 So. 51; Taylor v. State, 18 Ala. App. 466, 93 So. 78; Holladay v. State, 20 Ala. App. 76, 101 So. 86.

We deem it unnecessary to discuss or determine other points of decision presented.

The judgment of conviction in the lower court from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

RICE, J., dissents.