**Mabel BULLARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25511.**

United States Court of Appeals
Fifth Circuit.

May 31, 1968.

---

Richard A. Ball, Jr., Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

TUTTLE, Circuit Judge.

This is an appeal from the conviction by a jury of Mabel L. Bullard of violating two sections of the Dyer Act, Title 18 U.S.C.A. Secs. 2312 and 2313. Appellant does not here contest the fact that the evidence adduced on her trial was sufficient for the jury to find her guilty beyond a reasonable doubt. Her principal complaint here is that the trial court committed prejudicial error in admitting testimony of a government witness, Pat Lynch, dealing with facts not related to, nor casting any light on, any of the issues of guilt or innocence of the appellant in the case being tried before the jury.

The appellant's defense in the district court was that she did not know that the two automobiles with which she was associated in company with her boy friend, Rochester, had been stolen. The government witness, Lynch, was permitted to testify as follows:

A. Well, I—at the time, I had been in the hospital, and I had been trying to sell my Camaro, and I didn't seem to have any luck; and she came up to me and asked me had I ever thought of having it stolen or wrecked or burned. And at this point, I thought, you know, it was—well, she really wasn't being serious.

MR. BALL: I object, your honor, to this; this is irrelevant to this case, and it is highly prejudicial to this—

THE COURT: I will admit it for whatever light it might shed on the intent of this defendant insofar as she is charged in this indictment, and that is the restrict-

ed purpose it is admitted on. Go ahead.

A. And the conversation went on, and I wanted to know—

Q. I didn't hear that last statement?

A. The conversation went on, and I wanted to know how this could be done, and she said, "Well, you could just leave your car outside, let us know when your neighbors go to sleep or when you go to sleep, and by the next morning, your car will be across the State line."

There was no evidence as to when this conversation took place, that is to say it is not even shown that it happened before or after the transactions which were the basis of the present prosecution.

■ Appellant, of course, bases her complaint on the general proposition that a criminal defendant's prior difficulties with the law, specific prior criminal acts, or bad reputation, cannot be used by the Government to prove guilt of an unconnected crime, even though such facts might tend to prove a defendant's propensity to commit the crime for which he is on trial. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168.

■■ The Government, on the other hand, claims that this testimony is admissible under the exception which permits the introduction of evidence of prior conduct or a prior offense which may throw light on either the intent of the accused or the accused's knowledge of essential facts in the present prosecution. Such exception, for instance, permits the introduction of testimony showing that a person being tried for knowingly passing counterfeit money has, on prior occasions, passed bills shown to be counterfeit, even though the instant prosecution does not involve the passing of the earlier bills. So, too, where an accused's conduct for which he is on trial is ambiguous in nature, that is where wrongful if done with an improper intent

but not criminal if done innocently, testimony of prior conduct by the accused may be shown to assist the jury in resolving the issue of intent. See Ehrlich v. United States (5th Cir.) 238 F.2d 481.

■ It is apparent that the trial court permitted the introduction of this testimony, clearly prejudicial to the appellant as to her general character, upon this theory of the law. However, as pointed out by this court in Helton v. United States (5th Cir.) 221 F.2d 338, the prior act of a damaging nature must truly illustrate something concerning the very issue before the trial court. Here, regardless of how anti-social this appellant was shown to be by testimony that she was willing to defraud an insurance company by staging a burning or theft of another automobile, this does *not* illustrate the issue of whether Miss Bullard knew or did not know that the two entirely different automobiles for whose illegal possession she was on trial had been stolen before being brought into the state of Alabama.

Naturally, a jury might well decide that a person about whom it was said that she was willing to participate in a fraud against an insurance company dealing with an automobile might be such a person as would, with guilty knowledge, take possession of the automobiles here in issue. This does not meet the test because the evidence did show only a propensity on the part of Miss Bullard to commit a fraud or possibly a crime and not that she actually knew that these particular automobiles had been stolen.

There is no doubt but that this testimony was extremely prejudicial. It was objected to by counsel for the appellant who thus preserved the matter for our review.

The judgment must be reversed and the case remanded for further proceedings in the trial court.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.