275 So.2d 655

**Charles E. RACINE, Jr.**

**v.**

**STATE of Alabama.**

**SC 263.**

Supreme Court of Alabama.

March 15, 1973.

Rehearing Denied April 19, 1973.

Thomas M. Haas and Y. D. Lott, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

This case was transferred to the Supreme Court from the Court of Criminal Appeals by authority of Title 13, § 111(11a), Code of Alabama 1940, Recompiled 1958.

Charles E. Racine, Jr. was convicted of selling lysergic acid diethylamide (LSD) in violation of the former Title 22, § 258(21) of our Code, and sentenced to ten years in the penitentiary. The basic issue of the trial was whether defendant had handed the LSD to a friend, who then sold it to police undercover agents, or whether defendant had merely stood by, as the friend sold it to the agents. Two prosecution witnesses testified to the former; two defense witnesses to the latter. The jury evidently believed the prosecution witnesses. Racine now appeals from the judgment of

conviction, arguing: (1) that allegedly improper comments by the district attorney during closing argument amounted to reversible error; and (2) that the trial court's ruling on a motion to inspect and analyze the contraband was erroneous.

From the record, it is evident that the trial was a turbulent one, with innumerable objections to evidence, numerous motions for a mistrial, many sharp clashes between and among counsel and the trial judge, audience disorder, complaints that the clank of handcuffs had drowned out a jury poll, and allegations that prospective witnesses had been intimidated and even arrested in front of the jury panel. As a part of this overheated atmosphere, the district attorney's closing argument included calling the defendant "a man who makes money from turning everyone else on", and a statement that he "didn't know whether they would give the LSD to five-year-olds just to make $60.00." Defendant's objections to these comments were overruled.

In evaluating allegedly prejudicial remarks by the prosecutor in closing argument, no fixed standard can be applied, and each case must be judged on its own merits. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968); Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1955). As stated by Judge Harwood, in Bullard v. State, 40 Ala.App. 641, 645, 120 So.2d 580, 584 (1960):

"Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argument is to be condoned for one instant."

In numerous cases similar to the one before us, convictions have been reversed for prosecutorial accusations of other crimes, unsupported by the record, or appeals to the passion and prejudice of the jury. Williams v. State, 42 Ala.App. 563, 171 So.2d 474 (1965); Bevins v. State, 39 Ala.App. 228, 97 So.2d 572 (1957), cert. denied 266 Ala. 695, 97 So.2d 574 (1957); Lowman v. State, 38 Ala.App. 612, 91 So. 2d 697 (1956), cert. denied 265 Ala. 698, 91 So.2d 700 (1956); Mitchell v. State, 28 Ala.App. 119, 180 So. 119 (1938), cert. denied 235 Ala. 530, 180 So. 123 (1938); Grimes v. State, 23 Ala.App. 511, 128 So. 120 (1930); Williams v. State, 22 Ala.App. 489, 117 So. 281 (1928); Hardaman v. State, 17 Ala.App. 49, 81 So. 449 (1919); McMickens v. State, 16 Ala.App. 78, 75 So. 626 (1917); Hall v. United States, 419 F. 2d 582 (5th Cir., 1969).

Here, we have an accusation that defendant is a man "who makes money from turning everyone else on." This amounted to an imputation of numerous other crimes to defendant. The accusation had no support in the record, which showed, at most, that defendant handed a vial to a friend, who then sold it to police. The testimony indicated it was the friend, not Racine, who pocketed the money.

The statement by the district attorney that he "didn't know whether they would give the LSD to five-year-olds just to make $60.00" was also improper. Although posed in the hypothetical, unlike the statement about "turning everyone on," it was nevertheless impermissible as an appeal to passion and prejudice, in light of its reference to the sensitive subject of children, and the complete lack of support for any such comment in the record. Williams v. State, supra; Lowman v. State, supra.

We do not reach the second issue raised by appellant. Prejudicial error having been committed at trial, the judgment of conviction must be and hereby is reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.