TYSON, Judge.
The appellant was indicted for buying, receiving, and concealing 137 Variator Sections from gasoline pumps of the total value of $685.00, the personal property of An-niston Pump Shop, Incorporated. The jury found the appellant guilty as charged and fixed the value of the stolen property at being in excess of $25.00. The trial court entered judgment which set sentence at three years imprisonment. •
The sole issue presented in this appeal is based upon an objection to certain statements of the district attorney made during closing argument.
Charles W. Brown testified that he was owner of the Anniston Pump Shop, Incorporated, on January 15-16,1975. He testified that upon opening the shop shortly after 8:00 o’clock on Friday morning, January 16, 1975, he discovered a substantial number of computer variators niissi'ng, which were to be used for gasoline pumps. He stated that 137 of these were missing and that he recovered a number of them at Draper’s Scrap Metal and at Oxford Scrap Metal in the City of Anniston, Calhoun County, Alabama, a few days thereafter..
. Paul Butler testified that he did the purchasing for L. A. Draper and Son in Anni-ston, . Alabama. He testified that during January, 1975, the appellant drove up in a white Chevrolet pickup truck and sold a truckload of computer pump variators to him. He positively identified the appellant as being the party who drove the truck and who signed the purchase invoice.
Chester Jones testified that on January 16, 1975, he saw the appellant drive up in a white looking pickup truck and that he sold them á load of scrap metal, some variators which are used for gasoline meters. He said that he had known the appellant for several years and positively identified him in court.
Police Detective James Ramey testified that there was a white Chevrolet pickup truck parked at the appellant’s home when he arrested him.
The appellant’s sole witness was one Bill McKinney. He testified that he was a self-employed concrete finisher, and that the appellant frequently did work for him. He testified that during January, 1975, he was working on a job at Citizens Hospital in Talladega, Alabama. He stated that the appellant was working with him on the night in question, and that they worked all night because they had just poured some *171 fresh concrete, that they did not return to Anniston until about 10:30 a. m., January 16, 1975.
I
The appellant argues that the following colloquy constitutes prejudicial argument, requiring reversal:
“MR. FIELD: . . . [T]hat larceny and stealing and crimes of that type made up the largest portion of .
“MR. CALDWELL: Your Honor, we would like to object to his statement, that it is improper, this man is charged with Buying and Receiving, and not stealing something.
“THE COURT: Overruled.
“MR. CALDWELL: We except.”
We are of the opinion that the statement shown above was a matter of legitimate inference based upon the evidence in this cause. Barnett v. State, 52 Ala.App. 260, 291 So.2d 353, and authorities therein cited.
Moreover, the statement, as set out above, is fragmentary and therefore is not properly presented for our review. McClary v. State, 291 Ala. 481, 282 So.2d 384; Browder v. State, 54 Ala.App. 369, 308 So.2d 729, cert. den. 293 Ala. 746, 308 So.2d 735.
We have carefully examined this record and find same to be free from error. The judgment is hereby
AFFIRMED.
All the Judges concur.