**UNITED STATES of America, Appellee,**

v.

**David STERNSTEIN, a/k/a David Stevens, Appellant.**

**No. 658, Docket 78–1129.**

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1979.

Decided March 19, 1979.

Diane F. Giacalone, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E. D. N. Y., Mary McGowan Davis, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Michael B. Pollack, New York City, for appellant; Charles L. Weintraub, New York City, of counsel.

Before MULLIGAN and GURFEIN, Circuit Judges, and POLLACK, District Judge.*

MULLIGAN, Circuit Judge:

David Sternstein appeals from a judgment entered on November 4, 1977 in the Eastern District of New York after a jury trial before the Hon. Henry Bramwell, United States District Judge, convicting him of five counts of aiding and assisting in the preparation of income tax returns which were false or fraudulent as to material matters in violation of Title 26, United States Code, Section 7206(2).[1] On March 3, 1978 Sternstein was given a suspended sentence on each count and a probation period of two years. He was also fined $500 on each count plus the cost of prosecution in the sum of $1,594.32. Probation on all counts was concurrent and the fines on all counts were consecutive.

After Sternstein's indictment his counsel made an oral motion for the production of exculpatory material pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He then met with the Assistant United States Attorney who permitted him to look at the report of a Special Agent of the Internal Revenue Service concerning the appellant. On October 3, 1977 Sternstein's counsel renewed this motion in writing, seeking discovery and inspection of the detailed IRS report. His motion papers stated that "[t]he report of the investigating special agents" indicated "an exceedingly large number of tax returns" were examined and taxpayers "interviewed in depth." Yet this investigation resulted "in only those comparatively very few returns and taxpayers named in the Indictment." Defense counsel argued that these facts in the report supported appellant's position that any erroneous deductions entered by Sternstein "were indeed the result of inadvertence and not [of] any intent or purpose to commit the crime alleged in the Indictment." The papers further stated:

> The investigation report also mentions the fact that almost an equal number of returns prepared by the defendant as stated in the Indictment were found to be correct and not subject to any change at all. This was true the report states, even though no difference in charge for the service rendered was made by the defendant between those returns named in the Indictment and those returns examined and found to be absolutely correct as filed by the defendant.

Sternstein also sought production of a taxpayer's statements which indicated that certain errors on his tax returns which formed the basis for two counts in the indictment could have resulted from a misunderstanding of the information supplied by the taxpayer to Sternstein. Judge Bramwell directed the production of statements made by that taxpayer but refused to order that the report of the Special Agent be turned over to appellant. Most importantly, the trial judge did not conduct any examination of the Special Agent's report before denying the motion for production.

On trial the Government called as witnesses the taxpayers named in the indictment who testified that Sternstein had prepared the returns in issue. Each testified that at least one itemized deduction listed as an expense had not been incurred and had not been submitted as an expense to Sternstein.[2] The taxpayers also stated that flat fees ranging between twenty-five and fifty dollars had been paid to the defendant. In each instance, on cross-examination the witness conceded that the amount of the fee was not contingent upon a possible refund. The taxpayers denied reviewing or examining the returns containing the falsely stated deductions. Sternstein did not

---

\* Of the Southern District of New York, sitting by designation.

1. The indictment charged Sternstein with nine counts of section 7206(2) violations. Two counts were dismissed on the Government's

motion prior to trial. Sternstein was acquitted on two other counts.

2. These false deductions were for such items as charitable contributions, medical expenses, investment papers, books and magazines.

take the stand but presented three witnesses whose returns he had prepared. On direct examination these witnesses testified that they had been audited and that the deductions on their returns had been found to be proper.

The only argument of merit raised on this appeal is Sternstein's claim that he was deprived of due process of law by the district court's refusal to order that specifically requested exculpatory material (the IRS Special Agent's report) be turned over to the defense and by the prosecutor's failure to provide that material both before and during trial. We are asked either to reverse the judgment of conviction and to order a new trial or, in the alternative, to remand for a hearing to determine the materiality of the withheld report to Sternstein's defense.

> While it is recognized that there is
> no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. *United States v. Agurs,* 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976).

There is no doubt but that the request made here was specific. It was based upon documents which were initially shown, albeit briefly, to appellant's trial counsel and were clearly identified in Sternstein's written motion. The Government argues as it did in the district court, that the agent's report was not relevant or material. Sternstein's motion for inspection of the report appears to concede that it does not relate to any particular count in the indictment nor does it refer to any return named in the indictment.

▆ The critical element in a tax fraud case, however, is the mental state of the defendant. See *United States v. Leonard,* 524 F.2d 1076, 1091 (2d Cir. 1975), cert. denied, 425 U.S. 958, 96 S.Ct. 1737, 48 L.Ed.2d 202 (1976). Courts have repeatedly observed that in such cases the "accused as part of his defense is entitled to wide latitude in the introduction of evidence which tends to show lack of specific intent." *United States v. Brown,* 411 F.2d 1134, 1137 (10th Cir. 1969); accord, *Black v. United States,* 309 F.2d 331, 337 (8th Cir. 1962); see *Haigler v. United States,* 172 F.2d 986, 987 (10th Cir. 1949). Cf. *Bullard v. United States,* 395 F.2d 658, 660 (5th Cir. 1968); *Ehrlich v. United States,* 238 F.2d 481, 484 (5th Cir. 1956).

In the instant case defense counsel argued that Sternstein had innocently entered the deductions in question based upon information supplied to him by the mistake or wrongful design of his taxpayer clients. In support of this contention counsel urged that Sternstein had no motive to prepare fraudulent returns since his fee was fixed and not contingent upon his client obtaining a refund. The Government replied in its summation that his motive was "to have satisfied customers, customers who come back to him year after year, because they got a refund." The issue of Sternstein's motivation and intent when he entered the deductions was thus placed squarely before the jury.

Appellant claims that the IRS report would establish that of some 900 tax returns for 1972 and 1973 prepared on a flat fee basis by Sternstein an extensive investigation revealed that only nine contained false deductions. The Government counters with the familiar proposition that "evidence of noncriminal conduct to negate the inference of criminal conduct is *generally* irrelevant." *United States v. Dobbs,* 506 F.2d 445, 447 (5th Cir. 1975) (emphasis added). See also *United States v. Null,* 415 F.2d 1178, 1181 (4th Cir. 1969); *Herzog v. United States,* 226 F.2d 561, 565 (9th Cir. 1955), aff'd en banc, 235 F.2d 664, cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956). In this case, however, the Government's explanation of Sternstein's motive to falsify the returns despite his flat fee was that the bogus deductions were part of a scheme to generate new business by gaining inflated returns for his clients. Rebuttal of this

contention by demonstrating that he produced no such illegal windfall for the overwhelming majority of his clients was unquestionably crucial to Sternstein's position that the few false returns were innocently prepared by him. Indeed, the importance of such evidence to appellant's defense was underscored by the district court's admitting into evidence over the Government's objection the testimony of three clients of Sternstein whose returns had been audited and were found to be proper. Thus, if the IRS report contains the information alleged by Sternstein on appeal its relevance to his defense is clear.[3]

The difficulty we face is that the report of the Special Agent is not in this record since it was not examined by the trial judge *in camera.* Moreover, the renewal motion of appellant was somewhat ambiguous as to the contents of the report. If the report of the Special Agent only indicates that after audit a few returns were found not to contain erroneous deductions its probative value is obviously negligible, particularly since evidence of honest returns was before the jury. On the other hand, if an extensive investigation revealed only a small fraction were fraudulent the significance of the report to Sternstein's defense could be considerable.

In *United States v. Agurs, supra,* the Court indicated that the firsthand appraisal of the trial judge is essential in determining the materiality of withheld evidence. 427 U.S. at 114, 96 S.Ct. 2392. *Cf. Palermo v. United States,* 360 U.S. 343, 354, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). No such determination has been made here. Hence we remand to the district court to permit examination of the report of the

Special Agent by defense counsel. The judge should determine whether the Special Agent's report reveals that a substantial number of the returns prepared by appellant which were investigated show no error. If that be so, the judge should make a finding to that effect and order a new trial in which the Special Agent's report will be admissible. If the judge finds to the contrary, upon notice, he should transmit the finding to this panel for its further consideration.

Remanded.

---

3. We reject the Government's assertion that Sternstein cannot complain of the withholding of the report because he was aware of the identity of those individuals whose tax returns he had prepared and thus should have known which returns contained accurate deductions. See *United States v. Corey,* 566 F.2d 429, 431 n.5 (2d Cir. 1977) (prosecutor has no obligation to bring to the defendant's attention matters which he already knows). Sternstein was concerned with discovering those of his clients who had been contacted and interviewed by the

IRS as well as which of his clients' returns had been cleared after audit by the IRS. In short, the details and results of the IRS investigation constituted the critical information contained in the report. That information was not independently available to appellant. Nor are we satisfied that the brief perusal of the document which the prosecutor afforded appellant's attorney would have been sufficient to enable counsel to distill from the report of an extensive investigation all the particulars pertinent to Sternstein's defense.