**UNITED STATES of America, Appellee,**

v.

**David STERNSTEIN, a/k/a David Stevens, Appellant.**

**No. 658, Docket 78–1129.**

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1979.

Remanded March 19, 1979.

Decided Oct. 5, 1979.

Diane F. Giacalone, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E. D. N. Y., Mary McGowan Davis,

---

Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Milton B. Pollack, New York City (Charles L. Weintraub, New York City, of counsel), for appellant.

Before MULLIGAN and GURFEIN, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

David Sternstein appealed from a judgment of the United States District Court for the Eastern District of New York after a jury trial before the Hon. Henry Bramwell, United States District Judge, which convicted him of five counts of aiding and assisting in the preparation of income tax returns which were false or fraudulent as to material matters in violation of Title 26, United States Code, Section 7206(2). On appeal Sternstein argued that any erroneous deductions were the result of inadvertence and were not intentional. He further argued that a detailed IRS report indicated that a large number of returns were examined and that comparatively few were found to be erroneous. The trial court had refused to make available to appellant the report of the IRS and did not conduct any in camera examination of that report before denying the motion of defendant that it be produced. The opinion of this court is reported in 596 F.2d 528 (2d Cir. 1979). For the reasons stated in that opinion this court ordered a remand for the purpose of providing the court, as well as counsel for the defendant, the opportunity of examining the IRS report.

Judge Bramwell pursuant to the remand conducted a hearing at which the appellant appeared by counsel. The IRS report as well as additional schedules were submitted and examined. The court made detailed findings in a decision and order (77 CR 206) dated August 2, 1979. These findings establish that no errors were found in only 8 of the 134 tax returns actually audited by IRS and prepared by the appellant. Improper deductions were found in the remaining 126 returns. We agree that the probative value of the IRS report sought was at best negligible and clearly does not warrant a new trial.

The judgment of conviction is hereby affirmed.