Appellant was convicted of first degree murder and sentenced to life imprisonment. He was also convicted of robbery and sentenced to twenty years' imprisonment to run concurrently with the life sentence.
During the course of the trial, the prosecution called as a witness Herman Rollins, a companion of the appellant. The witness was sixteen years old and had been with the appellant on the day of the crime. After a few questions, the prosecutor claimed surprise when the witness apparently changed his testimony from a previous statement he had given. Over strenuous objection by defense counsel, the district attorney was allowed to proceed with his examination of Rollins by using leading questions. From the record:
 "Q. Back on Friday morning, December the 1st, 1978, that is the day, Herman, that this man was shot down at Campbell Oil. Were you at Gadsden High School with Vicky?
 "MR. ALLENSTEIN: For the record, I would also like to object to leading.
"THE COURT: Overruled.
"A. At school.
"Q. At school?
"A. We was at school and then left.
"Q. You left with Vicky?
"A. Yeah.
"Q. Where did you go when you left with Vicky?
 "A. We went up to his house and ate lunch, and then we went to the field house and played basketball.
"Q. Did you smoke any pot?
 "MR. ALLENSTEIN: I object to that and move for a mistrial.
"THE COURT: Overruled.
"A. Yes.
"Q. Four joints?
"A. Two joints.
 "MR. ALLENSTEIN: If I might, I would like to approach the Bench and make this a part of the record.
"(The following was held at Bench sotto voce):
 "MR. ALLENSTEIN: Your Honor, I would move to exclude any testimony about my client smoking four joints of marijuana and move for a mistrial. That is a separate and unstated offense as opposed to this one to start with.
 "THE COURT: The statute of limitations has run out as to the offense mentioned, and he's not charged with smoking marijuana.
 "MR. ALLENSTEIN: It will prejudice him in the eyes of the jury.
 "THE COURT: Overrule your objection and deny your motion for a mistrial."
Appellant contends that the district attorney compounded the error by prejudicial comments made during closing arguments when the following occurred:
 "MR. ALLENSTEIN: Your Honor, Mr. Rayburn is accusing the defendant of smoking marijuana. This man is not accused of smoking marijuana in this case. This is an improper argument, and I move for a mistrial.
 "THE COURT: Disregard the statement made by the District Attorney in his closing argument about smoking pot. The defendant is not charged with smoking *Page 234 
pot or anything of that nature. If he was the statute of limitations would have passed because it would be a misdemeanor.
 "MR. RAYBURN: May I say something? Judge, Your Honor, the testimony —
"THE COURT: I know what the testimony is
 "MR. RAYBURN: I was merely seeking to argue the evidence and every reasonable inference from the evidence.
 "THE COURT: He is not accused of smoking pot. He is accused of murder in the first degree and robbery.
 "MR. RAYBURN: I was arguing the evidence that came from the stand.
"MR. ALLENSTEIN: Is my motion denied?
"THE COURT: I deny your motion for a mistrial."
A universally recognized rule of law is that it is impermissible to introduce evidence of distinct and independent offenses not charged in the indictment on which an accused is being tried. Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947);Racine v. State, 290 Ala. 225, 275 So.2d 655 (1973); Horton v.State, 41 Ala. App. 16, 122 So.2d 920, cert. denied, 291 Ala. 699, 122 So.2d 923 (1966); Headley v. State, 51 Ala. App. 148,283 So.2d 458 (1973); Anderson v. State, Ala.Cr.App.,354 So.2d 1156, cert. denied, Ala., 354 So.2d 1161 (1977); Tillman v.State, Ala.Cr.App., 374 So.2d 922, cert. quashed, Ala.,374 So.2d 926 (1978); Gamble, McElroy's Alabama Evidence, (3d ed. 1977), § 69.01 (1), et seq.
The Alabama Supreme Court gave a comprehensive discussion of the rule against use of evidence of prior collateral crimes or misconduct in Hinton v. State, 280 Ala. 48, 189 So.2d 849
(1966), and in Mason v. State, 259 Ala. 438, 66 So.2d 557
(1953). Throughout the cases on this point of law, relevancy is the key factor in determining whether collateral misconduct of a defendant is admissible in evidence.
Evidence which tends to show the commission of a collateral crime or wrongful act not charged in the indictment is inadmissible in order "to prevent conviction based on a jury belief that the accused is a person of bad character. The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged." United States v.Turquitt, 557 F.2d 464, at 468 (5th Cir. 1977).
In Johnson v. State, 38 Ala. App. 82, 76 So.2d 351 (1954), it was held to be reversible error on a charge of obtaining property by false pretense to admit into evidence, over objection, that the appellant had given the same bank in question a false financial statement previous to the transaction for which he was being tried.
In McMickens v. State, 16 Ala. App. 78, 75 So. 626 (1917), in a prosecution for larceny of scrap brass, which the defendant sold to a scrap yard, it was held to be error to show other sales of wire and brass by the defendant to the same dealer at various times during the year. Likewise, in Gibson v. State,14 Ala. App. 111, 72 So. 210 (1916), in a prosecution for sale of illegal liquor, it was held to be error to allow a witness to testify to having seen large quantities of whiskey stored in the back room of the defendant's store some time prior to the sale in question. Since the charge was for selling, the evidence of illegal possession, another similar crime, was held to be irrelevant. The court there stated:
 "It is the established rule that when irrelevant or improper testimony is admitted on a criminal trial, against the objection of the defendant, it will work a reversal unless it affirmatively appear that the effect was to the benefit of, or not injurious to, the defendant. . . ."
In a much earlier case, the use of evidence of irrelevant but suspicious acts met with the same result. In a prosecution for receiving stolen cotton, the Alabama Supreme Court held it to be error to allow testimony that, during the week previous to discovery of the stolen cotton in the defendant's storehouse, persons were seen going into that storehouse just before and about daybreak "with sacks of cotton, and coming out with the sacks empty." Gassenheimer v. State, 52 Ala. 313 (1875). *Page 235 
The rare exceptions to the rule against use of evidence of other offenses "may be summarized as knowledge, intent, plan or design, motive, identity and inseparable crimes." Mason, supra. None of those exceptions exist in the instant case.
It has been said that courts are more lenient toward the admission of such evidence where it comes in on cross-examination rather than on direct examination. UnitedStates v. King, 505 F.2d 602 (5th Cir. 1974). However, in the instant case, the improper question was deliberately asked by the district attorney on direct examination. The response to that question should have been excluded; however, the trial court overruled defense counsel's motion to exclude stating that the statute of limitations had already run on the offense of possession of marijuana. In that ruling the trial court erred.
It is immaterial whether or not the statute of limitations has run on the prior offense of the accused, for his susceptibility to prosecution is not the reason for the exclusionary rule here. The purpose of the rule is to prevent the State from introducing evidence of prior unrelated misconduct which will adversely reflect upon the accused's character and show him up in a light to the jury as a person of bad character with propensity to commit the crime charged.Bullard v. United States, 395 F.2d 658 (5th Cir. 1968), and authorities hereinabove cited.
In the instant case, the evidence of the appellant's smoking marijuana had absolutely no relevancy to the crime charged in the indictment. The district attorney should not have elicited such evidence, and the trial judge should have promptly granted the appellant's motion to exclude that testimony. The appellant is, therefore, entitled to a new trial.
REVERSED AND REMANDED.
All the Judges concur.