McMILLAN, Judge.
The appellant was convicted of burglary in the second degree and was sentenced to eight years’ imprisonment. Although the appellant raises 13 issues on appeal, as one of them requires reversal, the rest will not be discussed.
The appellant offered alibi as his defense. His girl friend testified that she was with the appellant on the night in question from approximately 6 o’clock p.m. until the next morning. The appellant's mother testified that his girl friend and he spent the night at the apartment in which she was temporarily residing on the night in question. She testified that she spent the night on the couch and never heard anyone leave or enter the apartment after the appellant’s and his girl friend’s arrival at approximately 10 o’clock p.m.
Prior to the prosecutor’s cross-examination of the appellant’s girl friend, a side bar conference was held in which the prosecutor informed the court that he intended to test the witness’s memory by questioning her concerning the appellant’s other arrests. The defense counsel objected to the admissibility of collateral acts as being unduly prejudicial, irrelevant, and immaterial. The trial court overruled the defense counsel’s objections. Thereafter, the prosecutor was allowed to extensively question the witness concerning any knowledge that she had as to the number of times the appellant was arrested during the year, whether it was more than once, whether it was at least twice, the dates of the arrests, and her activities around the time of the arrests.
It is clear that the witness’s memory could have been tested without reference to the appellant’s prior arrests. Evidence of an accused’s commission of crimes not charged in the indictment is generally not admissible if its only probative function is to show bad character or propensity to commit the crime for which he is being *893 tried. C. Gamble, McElroy’s Alabama Evidence, 69.01 (3d ed. 1977).
“A universally recognized rule of law is that it is impossible to introduce evidence of distinct and independent offenses not charged in the indictment on which an accused is being tried. Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Racine v. State, 290 Ala. 225, 275 So.2d 655 (1973); Horton v. State, 41 Ala.App. 16, 122 So.2d 920, cert, denied, 271 Ala. 699,122 So.2d 923 (1966); Head-ley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973); Anderson v. State, Ala.Cr. App., 354 So.2d 1156, cert, denied, Ala., 354 So.2d 1161 (1977); Tillman v. State, Ala.Cr.App., 374 So.2d 922 (1978), cert, quashed, Ala., 374 So.2d 926 (1979); Gamble, McElroy’s Alabama Evidence, (3rd ed. 1977), § 69.01(1), et seq.”
Terrell v. State, 397 So.2d 232, 234 (Ala.Cr. App. 1981), cert, denied, 397 So.2d 235 (Ala. 1981).
While the admission of such evidence is proper if it falls under such exceptions as res gestae, guilty knowledge, criminal intent, identity, motive, physical capacity, or plan, design, scheme or system, evidence of these prior arrests does not fall into any of these well delineated exceptions. Although the list of these exceptions is not exhaustive, see McElroy’s Alabama Evidence, supra, we do not find that the purpose of providing a method of testing memory was sufficient under the facts of this case to serve as an exception to the general rule.
“As a general rule, in the prosecution for a particular crime, evidence of other acts which of themselves constitute distinct and independent offenses is not admissible. ... Evidence of other crimes may be admitted in the trial of the now-charged crime when it is relevant to the now-charged crime and tends to prove an element of the now-charged crime which is at issue. Jones v. State, 460 So.2d 1384, 1388 (Ala.Cr.App.1984); Seymore v. State, 429 So.2d 1188 (Ala.Crim.App. 1983).”
Popwell v. State, 480 So.2d 41, 43 (Ala.Cr. App.1985).
“ ‘The Alabama Supreme Court gave a comprehensive discussion of the rule against use of evidence of prior collateral crimes or misconduct in Hinton v. State, 280 Ala. 48, 189 So.2d 849 (1966), and in Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953). Throughout the cases on this point of law, relevancy is the key factor in determining whether collateral misconduct of a defendant is admissible in evidence.
“Evidence which tends to show the commission of a collateral crime or wrongful act not charged in the indictment is inadmissible in order ‘to prevent conviction based on a jury belief that the accused is a person of bad character. The jury’s determination of guilt or innocence should be based on evidence relevant to the crime charged. United States v. Turquitt, 557 F.2d 464, at 468 (5th Cir.1977).’ ” (Emphasis in original.)
Miller v. State, 439 So.2d 800, 803-04 (Ala. Cr.App.1983), quoting Terrell v. State, supra.
While these prior bad acts were not relevant to the crime at hand, “[i]t can be argued that this testimony would be relevant for the purposes stated; however, in our opinion it was highly prejudicial to appellant.” Spellman v. State, 473 So.2d 618, 621 (Ala.Cr.App.1985). “ ‘Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue.’ Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983).” Wilson v. State, 520 So.2d 205 (Ala.Cr.App.1987).
Because the witness’s memory could have been easily tested without referring to the appellant’s prior arrests, we find that the prejudicial nature of this testimony far outweighed its probative value. The testimony was not necessary to the State’s case in chief.
“Even if the evidence in question is material and relevant, as the State contends, the probative value of the evidence is clearly outweighed by its potential for unfair prejudice. See United States v. Spletzer, 535 F.2d 950 (5th Cir.1976). *894 The evidence was of relatively small or indefinite probative value and should have been excluded.”
Spellman v. State, supra.
Under the facts presented, the trial court’s failure to sustain the appellant’s objections amounted to an abuse of discretion and constituted reversible error. The judgment is due to be, and it is hereby, reversed and the case is remanded to the trial court.
REVERSED AND REMANDED.
All the Judges concur except PATTERSON, J., concurring in result only.