BOWEN, Presiding Judge.
Malcom Irvin Schartau was convicted of receiving stolen property in the first degree and was sentenced, as a habitual offender with seven prior felony convictions, to life imprisonment. He raises three issues on appeal.
I
First, he claims that the State presented insufficient evidence of guilty knowledge, thus failing to satisfy the requirement of § 13A-8-16(a), Code of Alabama 1975, that a defendant know that the property has been stolen or have reasonable grounds to believe it has been stolen.
The property at issue was a mobile radio telephone stolen from a trailer used by Solomon Motor Company during a car show at the Houston County Farm Center. The defendant was incarcerated in the Houston County Jail and was assigned, as a trusty, to pick up garbage after the car show. At trial, he claimed that he found the telephone in a garbage can, and that, *379 not knowing it was stolen, he cleaned it up and sold it.
Upon his arrest for receiving stolen property, the defendant first denied knowing anything whatsoever about the telephone. Next, he told investigators that one Herbert K, another trusty, gave him the property. Then he made the statement that he had found the phone in the garbage. He told the person to whom he sold the phone that he had purchased it from Communications Specialists. Finally, he wrote the following note to one Harold Key, another inmate at the Houston County Jail:
“Harold. I need to know what the City Police asked you and what you told them. As long as you told them the radio came out of the garbage, everything is okay. But, I need to know. Your friend, Mal-com.
“P.S. It was the Solomon Chevrolet trailer, not the Bondy’s trailer, that you saw the black guys going in and out of several times throwing stuff in the garbage.
“If this is out of the plastic, someone read this. So, please throw it away.”
“In most cases there is no direct testimony of the receiver’s actual belief. Proof thereof must therefore be inferred from the circumstances surrounding his receipt of the stolen property.” W. La Fave & A. Scott, Criminal Law 686 (1972). “Guilty knowledge may be inferred from all the facts and circumstances surrounding the entire transaction concerning the accused’s acquisition of the stolen property. Tombrello v. State, 431 So.2d 1355, 1357 (Ala.Cr.App.1983).” Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App.1984).
“The reasonableness of the explanation given by one in possession of recently stolen property is to be determined from all of the circumstances, and, if reasonable people can come to a different conclusion on the subject, the question of whether the explanation is reasonable is one to be determined by the jury.” Ford v. State, 383 So.2d 601, 603 (Ala.Cr.App.1980).
Given the defendant’s conflicting explanations of how the telephone came into his possession and the incriminating note he sent to Harold Key, the issue of whether he knew or had reasonable grounds to believe the telephone was stolen was properly submitted to the jury. “The credibility and sufficiency of the defendant’s explanation of his possession of recently stolen property are questions of fact for the jury.” Bullock v. State, 400 So.2d 937, 938 (Ala.Cr.App.1981).
“The Court does not determine if the evidence proved the defendant’s guilt beyond a reasonable doubt and to a moral certainty but, rather, whether there was legal evidence presented from which the jury could draw an inference of guilt. Chambliss v. State, 373 So.2d 1185 (Ala.Cr.App.), cert. denied, Ex parte Chambliss, 373 So.2d 1211 (Ala.1979).” Id.
II
The defendant argues that the trial court’s overruling his objection to the prosecutor’s reference to him as a “thief” in closing argument was error. He maintains that the epithet was prejudicial and the conclusion irrelevant since he was not charged with theft of the telephone.
To constitute reversible error, argument of counsel must be made as a fact which is unsupported by any evidence. Sanders v. State, 426 So.2d 497, 509 (Ala.Cr.App.1982). Here, the State presented evidence that the defendant was assigned as an inmate trusty to clean up the area during the time of the theft, and it was not inconceivable that the defendant himself stole the property.
“In a proper ease, the prosecuting attorney may characterize accused or his conduct in language which, although it cón-sists of invective or opprobrious terms, accords with the evidence in the case, and, where the evidence warrants the belief that accused is guilty, the prosecutor may employ terms appropriate to the nature or degree of turpitude involved in the crime charged_” 23A C.J.S. Criminal Law § 1102 (1961) (quoted in Nicks v. State, 521 So.2d 1018 (Ala.Cr.App.1987), aff’d Ex parte Nicks, 521 So.2d 1035 (Ala.1988), cert. denied, Nicks v. Alabama, — U.S. *380 -, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988)).
The designation of defendant as a “thief” was supported by the evidence and thus not calculated to inflame the jury. See Britain v. State, 533 So.2d 684 (Ala.Cr.App.1988), (“He’s a lot better thief than he is at giving legal advice”); Jackson v. State, 33 Ala.App. 42, 31 So.2d 514 (1947), cert. denied, Jackson v. State, 249 Ala. 348, 31 So.2d 519 (1947) (“damned thief”); Williams v. State, 22 Ala.App. 489, 117 So. 281 (1928) (“chicken thief”).
The argument was also not irrelevant to the issues at trial. In Eddy v. State, 353 So.2d 67 (Ala.Cr.App.1977), this court held the following:
“[Permissible argument depends on the issues of the case. Here, knowledge by the appellant that the goods were stolen was in issue. Of course, a thief would know goods he stole were stolen. Here, there were facts from which it could be inferred that appellant was in possession of a recently stolen vehicle. From this possession, the inference he stole the truck could be drawn.” 353 So.2d at 75.
See also Milton v. State, 417 So.2d 620, 623 (Ala.Cr.App.1982) (in a prosecution for receiving stolen property it is not error to allow prosecutor to imply that accused may have been involved in the theft). Compare Jones v. State, 339 So.2d 170, 171 (Ala.Cr.App.1976) (in a prosecution for buying, receiving, and concealing stolen property, prosecutor’s remarks concerning “larceny and stealing” were matters of legitimate inference). See generally Ex parte Ainsworth, 501 So.2d 1269, 1270 (Ala.1986) (“[T]he rule that confines argument of counsel to the material issues [does not] restrict ... the right of counsel to argue the reasonable inferences of the evi-dence_ [T]he jury could have reasonably inferred from the evidence that the accused committed a crime for which he had not been charged.”).
Ill
The defendant maintains that the court erred by failing to give the following written requested jury charges:

“Jury Instruction Number 2

“Receiving stolen property may present three separate facts of the mind:
“(1) Knowledge of the goods having been stolen;
“(2) Intent to deprive the true owner of possession; and,
“(3) Criminal intent, generally.”

“Jury Instruction Number 12

“Specific criminal intent is an essential element of the crime of receiving stolen property.”
The court’s refusal of these charges is not properly preserved for our review. “No party may assign as error the court’s ... failing to give a written instruction ... unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” Rule 14, A.R. Cr.P. (Temp.) (emphasis added). Here, defense counsel made the following objection:
“[W]e would like to note an exception on the Record for your refusal to give the instructions. And specifically, our Jury Instruction Number 2, which you said was incorrectly stated and you would not give that. We take exception to that_ You said you were going to refuse Jury Charge Number 12 and we take exception to that ...”
Counsel, however, “failed to set forth the specific grounds for his objection.” Ex parte Johnson, 433 So.2d 479, 480 (Ala.1983). See Matkins v. State, 497 So.2d 201, 202 (Ala.1986).
Even if grounds had been stated, the court’s failure to give the charges would not have been error. Refused charge Number 2, drawn from Sledge v. State, 40 Ala.App. 671, 122 So.2d 165 (1960), is, as the trial court pointed out, incorrectly stated. The exact quote from Sledge is:
“Receiving stolen goods may present three separate facets of the mind of the prisoner: (1) knowledge of the goods having been stolen, the scienter; (2) intent to deprive the true owner of possession, the animus furandi; and (3) criminal intent generally, the mens rea.” Id., *381 40 Ala.App. at 673, 122 So.2d at 167 (emphasis added).
The misquotation of the phrase “facet of the mind” as “fact of the mind” makes the charge confusing. Although a minor misspelling is not sufficient to justify the refusal of an otherwise correct charge, compare A.R.Civ.P. 51 (Commentary) with A.R.Cr.P. 14, transposing the word “facet” into the word “fact” goes beyond a misspelling, changes the sense of the original quote from Sledge, and renders the requested charge incorrect.
Refused charge number 12 was substantially and fairly covered by the court’s oral charge defining the offense. Ala.Code 1975, § 12-16-13.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.