TAYLOR, Judge.
The appellant, Michael Anthony Augusta, was indicted by the Mobile County grand jury under a two-count indictment alleging violation of § 13A-6-20(a)(l) and (3), Code of Alabama 1975 (assault in the first degree). At trial the jury returned a verdict of guilty of first degree assault. The appellant was thereafter sentenced to 25 years in prison.
The appellant was arrested for throwing a brick through the window of a passing pick-up truck on February 15, 1990. The brick caused serious injury to the victim when it struck her in the face. She sustained a broken nose and a broken jaw, and a number of her teeth were knocked out. The victim was hospitalized for four days following the incident. The appellant was later arrested and charged with assault.
I
The appellant contends that the trial court erred by allowing the prosecutor to rebut his showing of good character by presenting testimony of a specific prior bad act. Five witnesses testified on the appellant’s behalf. Of these witnesses, four were asked by his trial counsel if they *1310 thought that the appellant was “capable of” or “was the type person” who would do the type of thing that the appellant was charged with doing. Each witness replied negatively. Thereafter, the prosecution, over the objection of defense counsel, was allowed to question a police officer who testified that the appellant had been involved in a shooting incident on February 28, 1987, and that the appellant was subsequently arrested for shooting a teenager inside a local skating rink. We believe that the introduction of this specific prior bad act so prejudiced the appellant in the eyes of the jury that he was denied a fair trial.
“One of the cardinal principles of the common law is that a person’s character, good or bad, offered for the purpose of showing his conduct on a specified occasion, is not provable by evidence of his specific acts or course of conduct. The policy behind this rule is that the reception of such evidence would result in an intolerable confusion of the issues.
“The most commonly applied form of the above principle is found in the rule that the criminally accused may not prove his good character, as tending to show that he did not commit the crime in question, by showing prior specific good acts. It is, of course, the right of the accused to introduce his good character but only by means of general reputation. Once the accused introduces evidence of his good character, the door is opened for the prosecution to rebut with proof of his bad character. However, the prosecution may not prove the accused’s bad character by showing prior specific acts. The prosecution, like the accused, is relegated to proving character via general reputation.”
C. Gamble, McElroy’s Alabama Evidence § 26.01(1) (4th ed. 1991) (emphasis added).
In Qualls v. State, 371 So.2d 949, 951 (Ala.Cr.App.), writ denied, 371 So.2d 951 (Ala.1979), we held that “evidence of the character of the accused, good or bad, offered for the purpose of showing his conduct on a specified occasion, is not provable by evidence of his specific acts or course of conduct.” (Emphasis added.)
Also, C. Gamble, McElroy’s Alabama Evidence § 69.01 (4th ed. 1991), provides:
“On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.”
Further, we held in Popwell v. State, 530 So.2d 892, 893 (Ala.Cr.App.1988):
“ ‘A universally recognized rule of law is that it is impossible to introduce evidence of distinct and independent offenses not charged in the indictment on which an accused is being tried. Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Racine v. State, 290 Ala. 225, 275 So.2d 655 (1973); Horton v. State, 41 Ala.App. 16, 122 So.2d 920, cert. denied, 271 Ala. 699, 122 So.2d 923 (1966); Headley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973); Anderson v. State, Ala.Cr.App., 354 So.2d 1156, cert. denied, Ala., 354 So.2d 1161 (1977); Tillman v. State, Ala.Cr.App., 374 So.2d 922 (1978), cert. quashed, Ala., 374 So.2d 926 (1979); Gamble, McElroy’s Alabama Evidence, (3rd ed. 1977), § 69.01(1), et seq.’
“Terrell v. State, 397 So.2d 232, 234 (Ala.Cr.App.1981), cert. denied, 398 [397] So.2d 235 (Ala.1981).
[[Image here]]
“ ‘Evidence which tends to show the commission of a collateral crime or wrongful act not charged in the indictment is inadmissible in order “to prevent conviction based on a jury belief that the accused is a person of bad character. The jury’s determination of guilt or innocence should be based on *1311 evidence relevant to the crime charged. United States v. Turguitt, 557 F.2d 464, at 468 (5th Cir.1977).” ’
“Miller v. State, 439 So.2d 800, 803-04 (Ala.Cr.App.1983), quoting Terrell v. State, supra.”
We hold that the introduction of evidence concerning the appellant’s prior criminal acts prejudiced him and denied him a fair trial.
For the reasons set forth above, this case is reversed and remanded to the Circuit Court for Mobile County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.